### JAMES A. BORIN v. WILLIAM JOHNSON.
#### No. 114.

RES JUDICATA—*Pleading and Practice.* Where the plaintiff in an action seeks to recover the amount claimed to be due for services under a verbal contract, and the defendant answers "that the particular matter sued for herein" had been already litigated in an action upon a written contract, specifying the court in which such action had been tried, and that the said action was between the same parties, and alleges that a final adjudication of all matters in controversy had been reached, it is error for the court to refuse to receive evidence of said alleged adjudication and to strike out that portion of the answer setting up such defense.

MEMORANDUM.—Error from Osage district court; WILLIAM THOMSON, judge. Action by William Johnson against James A. Borin on a contract for services performed. Judgment for plaintiff. Defendant brings the case to this court. Reversed. The opinion herein, filed July 13, 1896, states the material facts.

*Waters & Waters,* for plaintiff in error.

*Charles S. Briggs,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: This action was brought by William Johnson to recover for services performed under an alleged oral contract entered into between himself and the plaintiff in error. An answer was filed setting up

four separate defenses, the first being a general denial, and the second pleading a former adjudication, in the following language :

"For a second defense, the defendant says that the particular matter sued for herein was, in a certain case wherein William Johnson, plaintiff herein, was plaintiff therein, and the defendant herein was the defendant therein, instituted in the district court of Osage county, Kansas, included in, set up and sued for in that cause, and upon a certain written contract; that judgment was rendered in that case, and that said judgment was wholly paid and discharged, and has at no time been reversed, vacated, or set aside, and that the said judgment was a final adjudication of all matters in controversy in this suit, and that plaintiff should not further have or maintain his action against the defendant."

So far as the third and fourth defenses set up in the answer are concerned, they are immaterial in the discussion of the question arising in this case. No demurrer was filed to either count of the answer, and no motion to make more definite and certain, but the plaintiff below filed a reply consisting of a general denial. Upon the trial of the cause, plaintiff in error sought to introduce evidence under the second ground of defense set up in his answer, and thereupon the court sustained the objection to the introduction of any evidence under said second defense, and, upon motion of the plaintiff below, the court also struck said second defense from defendant's answer, over the objection of the defendant below, and the court also instructed the jury, in substance, that the only defense presented by the defendant below was a general denial. From a judgment in favor of Johnson, Borin brings the case here for review.

The errors complained of in this case may all be considered together, as all arise from the view which

the trial court seemed to take with regard to the second defense set up in the answer.   It will of course be conceded that a final judgment rendered in an action is conclusive between the parties upon all matters litigated or necessarily involved in the action in which the judgment was rendered.   The trial court seems to have taken the position that a former adjudication of the matters in dispute in this case was not properly pleaded, and such, also, seems to be the argument of the counsel for the defendant in error in this court.   The allegations of the answer, so far as this defense is concerned, were *that the particular matter sued for herein* had been included, set up and sued for in a former cause of action between the same parties, in the district court of Osage county, which action was brought upon a written contract, and that the judgment rendered in that case had been wholly paid and discharged.   It is contended by counsel, that because this action was brought upon a verbal contract, and the one pleaded as a defense was upon a written contract, the latter constituted no defense as a plea in bar or as a former adjudication.

It is the policy of the law to regard substance as of greater importance than form, and in this case, when the defendant below alleges that "the particular matter sued for herein" had been passed upon and finally adjudicated by a court of competent jurisdiction, it appears to us that but one construction can be given to the language, viz., that the services sued for in this action had been made the basis of a former action, which former action had passed into judgment and been finally disposed of.   It is not the form of the action which plaintiff in error claims had been formerly passed upon, nor is it the species of contract under which the services may have been performed.

These relate only to the *form.* But *the substance* of the allegation in this defense is, that the plaintiff below had been once permitted to recover for the same services which he here sues for, and it is clear that evidence should have been permitted to establish this defense, and that it ought not to have been stricken from the answer.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

All the Judges concurring.