NEW HARMONY LODGE No. 71, I. O. O. F., Etc., Respondent, v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

**St. Louis Court of Appeals, April 14, 1903.**

1. **Damages:** FIRES: RAILROAD: QUESTION FOR JURY. In an action against a railroad company to recover damages for the destruction of plaintiff's house, the evidence being wholly circumstantial, and yet sufficient to sustain a finding that the house was fired by sparks emitted from defendant's locomotives, it was error for the court to withdraw such issue from the jury on the ground that plaintiff held only an equitable title to the property.

2. ———: ———: R. S. 1899, SEC. 691; JURY. Where the action is for a money judgment, section 691, Revised Statutes 1899, provides that any issue of fact arising must be tried by a jury, unless the jury is waived, or the cause is referred.

3. ———: ISSUE OF FACT MADE BY PLEADINGS: RELIEF. The right to a jury trial of an issue of fact depends on whether the issues as they appear from the pleadings are legal or equitable, and whether the relief demanded is legal or in the nature of a decree in chancery.

4. ———: DEMURRER TO EVIDENCE: NOT A WAIVER OF SUBMISSION. In an action against a railroad company for the destruction of plaintiff's building by sparks from defendant's locomotive, defendant's request for an instruction in the nature of a demurrer to the evidence did not constitute a waiver of its right to have the issue as to the cause of the fire submitted to the jury.

Appeal from Greene Circuit Court.—*Hon. J. T. Neville,* Judge.

REVERSED AND REMANDED.

STATEMENT.

The petition in this case is as follows, omitting caption:

"Plaintiff states that the defendant is and was at all times hereinafter mentioned, a corporation organized under the laws of the State of Kansas, and having capacity to sue and liable to be sued as such; that the defendant, at times hereinafter stated, operated a line of railroad running from Kansas City, Missouri, through Springfield, Missouri, to Memphis, Tenn.

"Plaintiff states that the New Harmony Lodge No. 71, I. O. O. F., is a voluntary unincorporated beneficial association; that it was the owner of a note for $800, dated July 19, 1898, bearing interest at the rate of eight per cent per annum, signed by Albert T. Rowden and secured by a deed of trust executed by Albert T. Rowden and Mary V. Rowden, his wife, to A. B. Lovan, party of the second part, for D. D. Sheppard, trustee of the New Harmony Lodge No. 71, I. O. O. F., conveying the following described property:

"Lot 23, Ellis subdivision of Springfield, Missouri, according to the plat thereof recorded in platbook C, at page 43, records of Greene county, Missouri.

"Plaintiff further states that the aforesaid note was the property of the benefit and relief fund of the aforesaid lodge and that he (T. J. Gideon) is the duly elected trustee in whom all the property belonging to the benefit and relief fund is vested, and whose duty it is to manage, control and collect for the benefit of the aforesaid lodge all outstanding claims belonging to the benefit and relief fund, and that he has been trustee as aforesaid since the ————— day of January, 1900. Plaintiff further states that on the —— day of March, 1900, Albert T. Rowden, mortgagor of the property aforesaid, orally covenanted with New Harmony Lodge No. 71, through its trustee, the plaintiff, to surrender and convey his interest in the land aforesaid, and in consid-

eration of the above covenant, T. J. Gideon, trustee, as aforesaid, by and with the consent of the lodge aforesaid, orally covenanted with the said Albert T. Rowden, to entirely release him from paying the note aforesaid.

"Pursuant to the aforesaid parol contract the said Albert T. Rowden surrendered possession of the lot aforesaid to the said T. J. Gideon, trustee for New Harmony Lodge No. 71, I. O. O. F., and the said T. J. Gideon entered into possession of the above lot and expended $50 improving same. That afterwards to-wit: December 7, 1900, the said Albert T. Rowden, pursuant to the above parol contract, executed a quitclaim deed to T. J. Gideon, trustee of the New Harmony Lodge No. 71, to the premises aforesaid, and the said T. J. Gideon released and satisfied the deed of trust aforesaid.

"Plaintiff further states that on the 27th day of March, 1900, and after the contract heretofore mentioned, engine No. 143 of train No. 46 of the Kansas City, Fort Scott & Memphis Railroad Company set out a fire by escaping sparks, and thereby destroyed a frame dwelling reasonably worth $620, and a summer house eight by twelve feet, worth, $15, and a sidewalk on the south side of the dwelling, and a fence and trees worth $75, all belonging to plaintiff and situated on lot 23, Ellis subdivision of Springfield, Missouri, according to the plat thereof recorded in platbook C, at page 43, records of Greene county, Missouri, and being of the aggregate value of $720.

"Wherefore in consideration of the premises, plaintiff prays judgment for $720 and his costs."

The above petition was signed by respondent's attorneys.

The answer was a general denial.

On motion of respondent a special jury was summoned to try the case.

Gideon as trustee of the benefit and relief fund of the lodge had been put in possession of the house and

premises by Rowden before the fire, and had rented them to a tenant who had not yet moved in. Rowden turned over the premises to Gideon on the agreement of the lodge to release him from the debt he owed.

The evidence to show that the house was set on fire by sparks from one of the appellant's engines was purely circumstantial and is thus summed up in the respondent's brief:

"The Kansas City, Fort Scott & Memphis Railroad Company's right of way was between seventy-five and one hundred feet south of the above described lot. There was a considerable grade at that place for trains going west. The train that set out the fire was going west. Engines are more apt to emit sparks in pulling up grades than in running over a level track. A strong wind on the day of the fire was blowing from the south. Witnesses living in that neighborhood testified that engines in pulling up the above grade generally emitted sparks and that the sparks were carried two hundred to three hundred feet, according to the state of the wind. The house that was destroyed was unoccupied, but two women were there cleaning up the place preparatory to moving in. There was no evidence of a fire of any kind in the house. There was some slight evidence that there had been a fire either in the west or northwest corner of the yard, but nobody saw it. Between five and fifteen minutes before the fire was discovered, an engine traveling west and pulling a freight train, passed the property that was destroyed."

When the respondent rested the attorney for the railroad company requested an instruction that under the pleadings and the evidence a verdict should be returned in its favor, which the court refused, and by the following charge referred to the jury nothing but the question of the amount of damages sustained by the respondent:

"The only question submitted to you for your determination is the amount of plaintiff's damages. In

estimating the damages you are to arrive at the reason-
able market value of the lot of ground in question with
the improvements thereon immediately before the fire,
and also the value of the lot and remaining improve-
ments immediately after the fire.   You are then to de-
duct the value of the property after the fire from its
value before the fire, and this difference is the proper
amount of damages.''

The jury assessed the damages at $500.   The court
then found the issues generally for the respondent and
entered judgment for the amount of the jury's assess-
ment.

Exceptions were saved to the court's refusal of the
instruction tendered by the appellant and the refusal
to submit to the jury the issue of how the fire origi-
nated.

*L. F. Parker, J. T. Woodruff* and *Edgar P. Mann*
for appellant.

(1)   This is an action for the recovery of money
only.   Nothing else is involved.   And the court erred
in the only instruction given, in not submitting all the
questions of fact to the jury.   R. S. 1899, sec. 691; Con-
stitution, art. 2, sec. 28; Rand v. Wickham, 60 Mo. App.
44; Gannon v. Gas Co., 145 Mo. 502; Wolff v. Schaefer,
74 Mo. 154; s. c. 4 Mo. App. 367; Caulk v. Blyth, 55 Mo.
293; Briggs v. Railroad, 111 Mo. 168.

*Patterson & Patterson* for respondent.

(1)   Where the case is one of equity cognizance,
the parties can not demand a jury to try any issue of
fact which may arise.   A court of equity, rightfully in
possession of the cause, will determine all questions in
the cause, whether of law or fact.   Lackland v. Smith,
5 Mo. App. 161; Gay v. Ihm, 69 Mo. 586; Snell v. Har-
rison, 83 Mo. 651; Bronson v. Wauzer, 86 Mo. 408; Burt
v. Rynex, 48 Mo. 311; Lee v. Smith, 84 Mo. 304; Ellis

and Cavender v. Kreutzinger, 31 Mo. 432. (2) It is the duty of the Supreme Court on appeal in any equity suit, where the evidence is all preserved in the record, to examine the evidence, and if the decree appears to be for the right party to affirm it, although errors may have been committed on the trial. Estes v. Fay, 94 Mo. 267; Luce v. Barnum, 19 Mo. App. 359. (3) The Constitution of this State, article 2, section 28, provides that, the right of trial by jury, as heretofore enjoyed, shall remain inviolate. It refers to a right well-known and defined by prior adjudications on that subject. That right never extended to issues in purely equitable proceedings. Conran v. Sellew, 28 Mo. 322; Ellis v. Kreutzinger, 31 Mo. 432. (4) Where parties withdraw their cause from the jury by a demurrer to the evidence they can not hope for a judgment in their favor if by any fair construction of the evidence, the verdict can be sustained. 6 Ency. Plead. and Prac., 458; Chinoweth v. Haskell, 3 Peters (U. S.) 96; Pawling v. United States, 4 Cranch (U. S.) 219; Nutter v. Sidenstrieker, 11 W. Va. 535. (5) The weight of testimony to establish any fact is a question belonging exclusively to the jury unless it be withdrawn from their determination by a demurrer to the evidence. Hardaway v. Mauson, 2 Mumf. (Va.) 230; Bank v. Donaldson, 6 Pa. St. 179. (6) An instruction to the jury that plaintiff can not recover, admitting the evidence to be true, is equivalent to a demurrer to the evidence. Harris v. Woody, 9 Mo. 113; Parks v. Ross, 11 How. (U. S.) 362; Walker v. Martin, 8 Mo. App. 561; 6 Ency. Plead. and Prac., 457.

GOODE, J.—That sparks from one of the company's locomotives ignited the house, is a reasonable but not an irresistible inference from the evidence, and whether the fire was thus caused or not was an issue of fact to be settled by a finding. Whose function was it to make the finding, the court's or the jury's?

The action is one to recover a money judgment. Our statutes provide that an issue of fact in an action for the recovery of money only must be tried by a jury unless a jury is waived or the cause referred. R. S. 1899, sec. 691.

The main issues were probably withdrawn from the jury because the respondent's title was equitable. But under our code practice the criterion by which the right to a jury trial is determined is the character of the action—that is, the relief sought; not the distinction between legal and equitable properties. Smith v. Canning Co., 14 Mo. App. 522. This does not mean that the right depends on the prayer for relief, but that it depends on whether the contents of the pleadings call for a legal judgment or for one in the nature of a decree in chancery; whether the issues to be tried are legal or equitable. No relief of the sort peculiar to equity practice is demanded by the petition or authorized by the proof in this case; hence, by the very words of the statutes the parties were entitled to have the jury pass on all the contested issues.

Respondent argues that the appellant lost the right to have the jury weigh the evidence in reference to the cause of the fire by asking an instruction in the nature of a demurrer to the evidence — that the refusal of that instruction was a ruling by the court that a prima facie case had been made and left nothing for the jury to find except the amount of damage done. There is no such rule in this State. The refusal of the peremptory instruction for a verdict in favor of the railroad company was, in effect, a decision that there was evidence enough to warrant a verdict against it; not that a verdict for it was impossible. Gannon v. Gas Light Co., 145 Mo. 502.

Without passing on any point except the one presented, we take the liberty of referring to the opinion in Hoffman v. Columbia, 76 Mo. App. 553, and the cases

cited therein, as throwing light on Gideon's right as the trustee of the lodge, and the party in actual possession of the premises under a contract for the title when the fire occurred, to maintain this action.

The judgment is reversed and the cause remanded. *Bland, P. J.,* and *Reyburn, J.,* concur.