# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1913.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, Chief Justice.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER,       } Justices.
Hon. ALFRED W. BENSON,
Hon. JUDSON S. WEST,

AMANDA R. CLIFTON, *Appellant,* v. CHARLES T. MEUSER,
as Executor, etc., *Appellee.*

No. 17,378.

SYLLABUS BY THE COURT.

RES JUDICATA—*Failure to Recover on Express Contract Not a Bar to an Action on an Implied Contract.* Where one who has received money from another contends that it was given him under an express contract, in consideration of services which he afterwards performed, but is defeated in that contention in an action brought against him for the recovery of the money, he is not thereby precluded from maintaining an action upon an implied promise to pay the reasonable value of such services as he had rendered.

Appeal from Miami district court. Opinion filed January 11, 1913. Reversed.

*L. S. Harvey,* of Kansas City, for the appellant.

*Frank M. Sheridan, Charles T. Meuser,* and *Bernard L. Sheridan,* all of Paola, for the appellee.

The opinion of the court was delivered by

MASON, J.: On October 1, 1903, Sarah E. Potts, while seriously ill, delivered to Amanda R. Clifton a sum of money. On December 7, 1903, she began an action for its recovery, on the ground that it had been delivered merely for the purpose of having it deposited in a bank to her credit, and that Mrs. Clifton had converted it to her own use. Mrs. Potts died on December 16, 1903, and the action was revived in the name of her executor. Mrs. Clifton answered alleging in substance that the money had been given her in consideration of an express contract that she was to nurse and care for Mrs. Potts during her lifetime and to pay the expenses incident to her sickness and funeral, and that she had performed her part of the agreement so far as she had been permitted to do so. A trial was had upon the issue so presented. The court instructed the jury in substance that unless they found both that such agreement had been entered into, and that Mrs. Clifton had performed her part of it, they must find against her. A general verdict was returned in favor of the executor, no special findings being made, and a judgment was rendered upon it.

Later Mrs. Clifton filed a claim against the estate for the reasonable value of her services in nursing and caring for Mrs. Potts, which was allowed by the probate court. The executor appealed, and upon trial the district court directed a verdict in his favor upon the ground that the matters sought to be litigated had been adjudicated in the former action. The plaintiff appeals.

The right of Mrs. Clifton to recover from the estate the reasonable value of her services to Mrs. Potts can not be regarded as having been adjudicated in the first action. The verdict in that case may possibly have been against her because the jury believed she had performed no services, but the record does not affirmatively show that to have been the ground. The hy-

pothesis is equally tenable that the jury were of the opinion that no agreement had been made by which she was to become the owner of the money delivered to her.

"A judgment which may have resulted from a determination of either one of two or more separate issues does not constitute an adjudication as to either, where it is not shown upon which it was in fact based." (*Routh v. Finney County*, 84 Kan. 25, syl. ¶ 2, 113 Pac. 397.)

The issues in the two actions were not identical. In the first the question was whether an express agreement for the passing of the title to the money had been made and performed. In the second the question was whether services had been rendered under such circumstances that the law implied a contract to pay their reasonable value. It is suggested that the present controversy should be regarded as concluded by the result of the prior action because it might have been there litigated. That principle applies only where the cause of action is the same in the two proceedings. (*Stroup v. Pepper*, 69 Kan. 241, 76 Pac. 825.) In the action brought against her Mrs. Clifton might perhaps have pleaded an implied contract to pay the reasonable value of her services as a defense or partial defense, or as a counterclaim or set-off, but she was not obliged to do so. Formerly a failure to use as a counterclaim or set-off a claim available as such deprived a party of the right to recover costs in a subsequent action upon it (Gen. Stat. 1901, § 4530, former Civ. Code, § 96), but even that provision is omitted from the present code. The same petition may include in separate counts a claim based upon an express contract to pay an agreed sum for services and one based upon an implied contract to pay their reasonable value. (*Berry v. Craig*, 76 Kan. 345, 91 Pac. 913.) Each count states a complete cause of action. Proof in support of one is not admissible under the allegations of the other. (9 Cyc. 749.)

Clifton v. Meuser.

The causes of action are not the same. They are distinct and different, although not wholly independent, being connected by this tie—there may not be a separate recovery upon each. It follows that a plaintiff who sues upon an express contract without adding a count upon a *quantum meruit* waives nothing, and if defeated is not thereby barred from maintaining a subsequent action upon an agreement arising by implication of law. This is the effect of the decisions, as shown by the following excerpts:

"It is a familiar practice where A, under special contract, has done work for B, . . . being apprehensive that he may not have come up to the full measure of the requirements of the contract, he may in a suit for the enforcement of the contract add a second count in *quantum meruit*. There is under the Code practice, extant in the state of Kansas, no legal incompatibility in counting separately on the two causes of action. . . . It would be an abuse of discretion on the part of the court to deny the plaintiff the right to take the opinion of the jury on both issues, under proper direction that the plaintiff is not entitled to recover on both counts. . . . As each count would constitute a separate cause of action, we know of no established rule of procedure that would compel the plaintiff to embrace them in one action. . . . The authorities abundantly support the proposition that, when judgment goes for the defendant in an action on express contract on the ground that the contract had not been completed by the plaintiff, 'such judgment is not a bar to a second action to recover the reasonable value of the same services.'" (*Water, Light & Gas Co. v. City of Hutchinson,* 160 Fed. 41, 44, 45, 90 C. C. A. 547, 19 L. R. A., n. s., 219.)

"If, in an action to recover the contract price of services rendered, defendant recovers judgment on the ground that the contract has not been completed, such judgment is not a bar to a second action to recover the reasonable value of the same services. To constitute *res judicata,* the former suit must be founded on the same cause of action as the latter." (*Rossman v. Tilleny,* 80 Minn. 160, 83 N. W. 42, 81 Am. St. Rep. 247, headnote of editor, Am. St. Rep.)

"A judgment in a former suit on an express contract is not a bar to a second suit on a *quantum meruit* for the same services, when it takes different evidence to establish the two causes of action." (*Buddress v. Schafer*, 12 Wash. 310, syl. ¶ 2, 41 Pac. 43.)

"The fact that recovery in an action against a bank on a contract for services was denied because of the want of authority in the receiver of the bank, who executed it, to agree to pay a fixed amount, is not conclusive of the right to sue on a *quantum meruit*." (*Henrietta Nat. Bank v. Barrett*, [Tex. Civ. App. 1894] 25 S. W. 456, syl. ¶ 2.)

"An adverse decree in a suit for a share of the profits of partnership business, as compensation for services rendered to a firm, is not a bar to an action upon a *quantum meruit* for the value of such services." (*Kirkpatrick v. McElroy*, 41 N. J. Eq. 539, syl. ¶ 1, 7 Atl. 647.)

"A judgment for defendant in an action on a special contract for machinery built for defendant, the petition in which (answer being but a general denial) set out the contract, performance by plaintiff, and non-payment by defendant, will not preclude the plaintiff from instituting a subsequent suit on the implied contract of defendant to compel him to pay the reasonable value of such machinery, the same having been retained by him." (*Fritsch Foundry & Machine Co. v. Goodwin Mfg. Co.*, 100 Mo. App. 414, syl. ¶ 2, 74 S. W. 136.)

*Borin v. Johnson*, 4 Kan. App. 211, 45 Pac. 968, is cited as having a contrary tendency. There the question was one of pleading, an answer being held sufficient which alleged in set terms that the particular matter sued upon had been adjudicated in a former action. It appeared that a claim for the services for which payment was asked had been previously sued upon, allowed, placed in judgment, and paid. Of course there may not be two recoveries for the same services, one upon an express and the other upon an implied contract.

The judgment is reversed and the cause remanded for a new trial.