**BRUNER et al. v. BEARDEN.**

No. 9886—Opinion Filed Dec. 28, 1920.
Rehearing Denied Feb. 1, 1921.

(Syllabus by the Court.)

1. **Judgment—Res Judicata.**

A fact or question which was actually and directly in issue in a former suit, and was there judicially passed upon and determined by a court of competent jurisdiction, is conclusively settled by the judgment therein, so far as concerns the parties to that action and persons in privity with them, and cannot be again litigated in any future action between such parties or privies, in the same court or in any other court of concurrent jurisdiction, upon the same or a different cause of action.

2. **Same—Estoppel by Judgment.**

The essence of estoppel by judgment is that there has been a judicial determination of a fact, and the question always is, Has there been such determination, and not upon what evidence or by what means was it reached?

3. **Same—Res Judicata—Scope of Inquiry.**

The inquiry of res adjudicata is not limited to the mere formal judgment. It extends to the pleadings, instructions of the court, the verdict or the findings, and the scope, and meaning of the judgment is often determined by the pleadings, verdict, or findings.

4. **Same—Action for Money Received—Former Action on Note.**

Record examined, and held, the judgment of the trial court is reversed, and the cause remanded with instructions.

Error from District Court, Hughes County; Geo. Crump, Judge.

Action by Lelia Bruner and others, minors, by next friend and guardian, W. E. Kirby, against J. S. Bearden for money had and received. Judgment for defendant, and plaintiffs bring error. Reversed and remanded.

Diamond & Orr, for plaintiffs in error.

J. L. Skinner, for defendant in error.

JOHNSON, J. The plaintiffs in error, hereinafter called plaintiffs, commenced this action in the district court of Hughes county by filing a petition on the 29th day of January, 1917. This petition alleges, in substance, that Lelia Bruner, Ola Bruner, and McKinley Bruner are minors, and that W. E. Kirby is their duly appointed, qualified, and acting guardian; that on the 3rd day of March, 1911, Nick Bruner, the former guardian of all of these plaintiffs, loaned to the defendant certain sums of money which was the property of the plaintiffs, as follows, to wit: For McKinley Bruner, $430.50; for Lelia Bruner, $435.50; for Ola Bruner, $420.50; that said sums of money have never been repaid by the defendant and are now due and owing, with interest, to the plaintiffs. Thereafter, on the 14th day of May, 1917, defendant filed his answer, and on the 4th day of December, 1917, filed his amended answer. Defendant in his answer denied the petition of the plaintiffs, generally and specifically, and for further defense entered a plea of res judicata. The defendant attached to said amended answer copy of the petition in cases numbered 1943, 1944, and 1945, in the district court of Okfuskee county, Okla., wherein the same parties as are parties in this suit were parties plaintiff and defendant; also a copy of defendant's answer in said causes, the instructions to the jury, and a copy of the journal entry, and judgment wherein the defendant won in said causes. It will be noted that the same parties plaintiff and defendant appear in Okfuskee county and in the case herein under consideration, but that in the Okfuskee county cases suit was had on promissory notes, while in the present case suit was had on account for money had and received.

Both the plaintiffs and defendant waived a jury, and the cause was tried to the court.

The court made separate findings of fact and conclusions of law, the material part thereof being as follows:

"At the time this suit was first instituted by the plaintiffs they came into court and elected to sue upon notes which they said had been executed by the defendant to the plaintiffs. They now want to sue because the jury found that no such note had been given; they want to sue upon an account represented by that same transaction that was had between the parties at that time. And the court holds that this action could not be maintained upon an account for the reason said indebtedness, which is represented by the plaintiff in this suit was represented by the plaintiff in the form of promissory note, and the issues have been tried, cause submitted to a jury upon its merits, and final judgment was rendered in the district court, from which there was no appeal."

Counsel for plaintiffs in error say in their brief:

"The sole question upon which the trial court passed in his findings and judgment was the question of res judicata. In his findings he found that the controversy had been previously judicially determined; that was the sole proposition upon which the trial court based its judgment, that was the sole issue in controversy in the trial of the case below, so in this appeal the issue of res judicata is the only point for our consideration.

"On this point of former adjudication there seems to be no controversy as to the facts, the pleadings in the former cases, some of the evidence taken, the instructions of the court, the verdict and judgment, have all been attached to pleading herein and so far as the facts of the former adjudication is concerned, we take it that there will be no dispute. Then the sole question for determination herein will be the effect and operation of these facts. Then the question at issue herein is whether or not the former suit on a promissory note where the defense was that the note was not made, executed, and delivered, and where the instructions of the court made the execution of the note the issue in the case is an adjudication which will estop the plaintiffs from seeking to recover in a subsequent suit for money had and received."

In 23 Cyc. 1159, and the authorities therein cited, the rule in such cases is set out as follows:

"Where a plaintiff is defeated in an action based upon a certain theory of his legal rights or as to the legal effects of a given transaction or state of facts through failure to substantiate his view-of the case, this will not preclude him from renewing the litigation, without any change in the facts, but basing his claim on a new and more correct theory. This rule applies where he bases his claim in the second suit upon a different right or title from that set up in the first action, provided the two titles are so inconsistent that they could not both have been brought forward in the same action; where he alleges a different ground of liability on the part of defendant; where he has been defeated in an action to recover on an alleged express contract for services to be rendered or goods to be furnished failing to prove such a contract and afterward sues to recover the reasonable value of the services or goods; where he fails to establish defendant's liability under a written instrument, and afterward seeks recovery as on a resulting trust or on the ground of fraud or mistake; where, having failed to establish a specific lien on property, he sues again on the ground of personal liability of defendant; where having sued for the price of property and failed to prove a sale, he brings a new action for its use or detention; or where an unsuccessful attempt to enforce a liability under a statute is followed by an action to hold the same defendant liable on the same facts as at common law. And a similar rule obtains in equity; where the equities of a second bill are materially different from the first, although the origin of both is the same, the adjudication of the first is no bar to the second."

The record discloses that the trial judge was the same in the former cases as in the instant case, and, as said by counsel, there is no controversy as to the facts; copies of the pleadings in the former cases, the evidence taken, the instructions of the court, the verdict and judgment, have all been attached to the pleadings herein.

In the former cases the trial judge, in paragraph 5 of his instructions, charges the jury as follows:

"You are further instructed that if Nick Bruner, while guardian of these minors, loaned this money to the defendant, J. S. Bearden, and did not take a note for this amount, plaintiff could not recover in this case, and it would be the duty of the guardian of these minors at this time to sue Nick Bruner, the former guardian, upon his bond for the reason that if no note was executed by Mr. Bearden to the plaintiff in this case, as alleged in the petition, he could not recover upon an account. In other words, if you find that J. S. Bearden executed a note for this money, you bring in a verdict against him—if you find by a preponderance of the evidence that he executed a note for this money, you bring in a verdict against him; if you find that no note was executed, you bring in a verdict in favor of the defendant."

And the conclusion of the next paragraph of the instructions was as follows:

" * * * But you are further instructed that although you may find that he did that, this suit is brought to recover upon a plain promissory note and there cannot be a variance in the pleadings, and if the testimony shows by a preponderance of the evidence that this money was obtained by Mr. Bearden on this note given by him, your verdict should be

for the plaintiff; if the testimony shows this note was not executed by the defendant, your verdict should be for the defendant."

By these instructions the plaintiffs' right to recover was limited to the question as to whether or not a note was executed by the defendant at the time he received the money in question. That was the sole question submitted to the jury, and therefore the plaintiffs' right to recover judgment for money had and received by the defendant was not litigated in the former cases, and that is the identical question involved in the instant case.

In the case of Clifton v. Meuser, 129 Pac. 159, it was held by the Supreme Court of Kansas:

"Where one who has received money from another contends that it was given him under an express contract, in consideration of services which he afterwards performed, but is defeated in that contention in an action brought against him for the recovery of the money, he is not thereby precluded from maintaining an action upon an implied promise to pay the reasonable value of such services as he had rendered."

And in the body of the opinion the court said:

"It follows that a plaintiff who sues upon an express contract without adding a count upon a quantum meruit, waives nothing, and, if defeated, is not thereby barred from maintaining a subsequent action upon an agreement arising by implication of law." Citing in support thereof: Water, Light & Gas Co. v. City of Hutchinson, 160 Fed. 41, 44, 45, 90 C. C. A. 547, 550, 19 L. R. A. (N. S.) 219; Rossman v. Tilleny, 80 Minn. 160, 83 N. W. 42, 81 Am. St. Rep. 247; Buddress v. Schafter, 12 Wash. 310, 41 Pac. 43; Henrietta Nat. Bank v. Barrett (Tex. Civ. App.) 25 S. W. 456; Kirkpatrick v. McElroy, 41 N. J. Eq. 539, 7. Atl. 647; Fritsch Foundry & Machine Co. v. Goodwin Mfg. Co., 100 Mo. App. 413, 74 S. W. 136.

Upon the trial of the case extrinsic evidence was resorted to to identify the points or question litigated in the former cases, this evidence consisting of the exhibits hereinbefore referred to, that is, testimony taken at the former trial, the court's instructions. to the jury, etc. This was proper procedure. 23 Cyc. 1538.

The record discloses that in the former cases plaintiffs sued on a note, but failed to prove the execution of the note. The case was decided upon this point. In the instant case the plaintiff sued to recover for money had and received. It is clear to us that they had this right, and that the trial court erred in holding otherwise.

The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to proceed in accordance with the views herein expressed.

All the Justices concur.