No. 26,181.

Lazetta Darnell et al., *Appellees*, v. W. D. Haines, as Administrator of the Estate of George Earl, Deceased, *Appellant*.

### SYLLABUS BY THE COURT.

1. Election of Remedies—*Inconsistency Between Remedies—Implied as Inconsistent With Expressed Contract*. Plaintiff presented to the probate court a claim against a testator's estate based on an implied contract of the testator to pay for services rendered in making a home for him while he lived. The claim was disallowed and, on appeal to the district court, was dismissed without prejudice. Plaintiff then commenced an action to recover on an unperformed express contract of the testator to pay for the services by devising land to plaintiff. *Held,* plaintiff was not estopped to maintain the action on the ground she had previously elected an inconsistent remedy.

2. Wills—*Contract to Make—Breach—Election of Remedies*. Plaintiff prayed for and recovered judgment for a sum measured by value of the land. *Held,* she was privileged to elect between recovery of the value of her services and recovery of value of the land.

Appeal from Geary district court; Cassius M. Clark, judge. Opinion filed November 7, 1925. Affirmed.

*C. B. Daughters*, of Manhattan, *James V. Humphrey* and *A. S. Humphrey*, both of Junction City, for the appellant.

*A. E. Crane*, of Topeka, *Ira C. Snyder, A. M. Johnston*, both of Manhattan, *Lawrence B. Morris* and *U. S. Weary*, both of Junction City, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one for a money judgment on an unperformed express contract to pay for services by making a will of land. The defense now material was previous election of an inconsistent remedy. Plaintiff prayed for and recovered a sum measured by value of the land, and defendant appeals.

George Earl, an unmarried man, leased without reservation eighty acres of land to R. J. Darnell, who took possession and occupied the premises with his family. Earl made his home with the tenant, occupying a room in the dwelling house and taking his meals with the family. Earl was pleased with his home, and he promised Mrs. Darnell that if she and her husband would stay on the farm and continue to make him as good a home as they had done he would

---

1. Election of Remedies, 20 C. J. § 8.    2. Wills, 40 Cyc. p. 1073.

give her the land at his death. The Darnells remained on the land, and furnished him a home until he died. They boarded him, took him about, and Mrs. Darnell cooked his meals, took care of his room, did his washing, and looked after him when he was sick, all without expense to him. He said Mrs. Darnell was as good as a daughter to him, and he had the best home he had had since his mother died. Circumstances led him to make an impromptu will, which he said he intended to change, in accordance with his agreement with Mrs. Darnell. He died without having willed or conveyed the land to her, and within a week or ten days after his death the land was sold.

Mrs. Darnell filed a claim against Earl's estate, which the probate court denied. She appealed to the district court, and in that court amended the claim to read for meals, caring for room, laundry, and services rendered "in accordance to an implied contract or promise to pay." The action in the district court was dismissed without prejudice, and the claim was thereby set at large. (Darnell v. Haines, 110 Kan. 363, 203 Pac. 712.) Mrs. Darnell then commenced an action for specific performance of a parol contract to will the land to her, performed on her side. Filing the claim in the probate court, based on an implied contract to pay for the same services, constituted an election inconsistent with specific performance. Election to look to general assets of the estate relinquished claim of equitable title to the land, and permitted the land to pass to the devisees. (James v. Lane, 103 Kan. 540, 543, 175 Pac. 387; Pantel v. Bower, 104 Kan. 18, 22, 178 Pac. 241.) Therefore, the specific-performance suit was dismissed, and the action under review was commenced.

The basis of plaintiff's claim, both in the probate court and in the district court action now under consideration, was a promise to pay for services which plaintiff performed, in one case a promise made by Earl, and in the other a promise implied by the law. On the express-contract theory, Earl promised to pay in land. At his death plaintiff was privileged to demand the land. She waived that privilege but, as will appear later, what she did did not constitute repudiation of the contract. She was still at liberty to recover upon it.

When a contract to pay in specific property is broken, money may be demanded. When the obligation is to pay a definite sum of money by transfer of specific property, the promisee may sue on the contract for the sum of money. When the obligation is merely to

Darnell v. Haines.

transfer property for the performance of services, the promisee has an option to claim a sum of money equivalent to value of the property, or to claim a sum of money equivalent to value of the services. Suppose the contract had been to provide Earl with a home for a year for a certain number of bushels of wheat, the price of wheat advanced, and at the end of the year Earl refused to deliver. He could not complain of recovery measured by value of the wheat. Suppose the price of wheat declined. Having lost by default privilege to pay in wheat, he could not complain of recovery measured by value of services. In both cases cause of action and theory of action are the same: promise to pay for services, performance on one side, nonperformance on the other, and relief by a plain money judgment. Take the case in which the price of wheat went up. The promisee could sue and pray judgment for the value of services, and then, without any inconsistency, amend the prayer, or dismiss and begin anew, and ask judgment for value of the wheat. The fact that the property was land, and not wheat, would not affect the principle.

This court is fully committed to the doctrine that a suit on an implied contract to pay the reasonable value of services rendered, does not deny existence of an express contract to pay a definite sum for the same services; that action on one theory is not incompatible with recovery on the other, notwithstanding the difference in proof and measure of recovery; that both theories may be tendered as grounds for recovery in the same action; and that, although there can be but one recovery, plaintiff may not be required to elect, but may go to the jury on both. (*Berry v. Craig,* 76 Kan. 345, 91 Pac. 913; *Wiley v. Locke,* 81 Kan. 143, 105 Pac. 11; *Clifton v. Meuser,* 88 Kan. 408, 129 Pac. 159; *Brigham v. Carpenter,* 110 Kan. 104, 202 Pac. 976.)

In *Brigham v. Carpenter,* the petition pleaded an implied contract to pay the reasonable value of services. The answer pleaded an express contract to pay a definite sum. The court held that Brigham might recover on either theory. While proof of the express contract would defeat recovery on the implied contract, it would not defeat recovery. The express contract was brought into the case by Carpenter. Since Brigham could recover on it, he might have brought it in himself. If he had previously sued on the implied contract, and had dismissed, he could have commenced a new action on the express contract. Substitute eighty acres of land for the sum of

money stipulated in the express contract. Privilege to commence the new action would not be affected, and the amount of recovery would depend on principles discussed earlier in this opinion. The result is, plaintiff's first attempt to enforce her demand did not preclude her from maintaining the action under review.

Plaintiff sued for $16,000, and the verdict was for that amount, with interest. The jury found specially, on evidence not disputed, that the land was worth $20,000. After verdict, but before judgment, plaintiff moved to amend the petition to conform to the special finding, and for judgment accordingly. The motion was denied, and plaintiff cross-appeals.

The land was the south half of a quarter section which was sold for $40,000 a few days after Earl's death, a fact known to plaintiff before the trial. So long as plaintiff was claiming only $16,000, defendant was not concerned about proof of value above that sum. If the motion to amend the petition had been made before the case was submitted to the jury, the court would doubtless have allowed it. Defendant then would have been challenged to rebut plaintiff's evidence, and to show that the sale price exceeded the market price. It is not clear from the record that opportunity to do this would have benefited defendant, but the court is unable to declare, contrary to the ruling of the district court, that allowance of the motion after verdict would not have been prejudicial to defendant.

The judgment of the district court is affirmed.

JOHNSTON, C. J., not sitting.