No. 37,977

JERECKI MANUFACTURING COMPANY, A Corporation, *Appellee,* v. MABEL G. SHIELDS, as Executrix of the Last Will and Testament of R. H. SHILEDS, Deceased, *Appellant.*

(220 P. 2d 144)

Opinion filed July 8, 1950.

*J. B. McKay,* of El Dorado, argued the cause, and *James B. McKay, Jr.,* was with him on the briefs for the appellant.

*F. J. Leasure,* of El Dorado, was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was a petition against an estate for money. On motion of claimant it was certified to the district court. The court overruled motions to make definite and certain, to strike, to order claimant to elect and a demurrer to the petition. The executrix of the estate has appealed.

After the formal allegations, the petition alleged that The Equity Gas Company was incorporated on October 26, 1934; that about 1936 or 1937 decedent and the immediate members of his family acquired all of its stock and soon thereafter Shields became president and treasurer of it and during the continued existence of the corporation managed all of its business; that when Shields became president the company was in the business of drilling for and producing oil and during the same time Shields was engaged in the same

business and the assets of the two became intermingled; that during all these times Equity was indebted to the petitioner and Shields made substantial payments to apply on this indebtedness and at the same time in 1944 all the assets of the Equity Gas Company were transferred to Shields, and in consideration he assumed its indebtedness and promised to pay it. The petition then set out twelve payments it alleged had been made by Shields from 1944 to 1947, alleged that these payments reduced the indebtedness of Equity to $17,500 and by reason of the matter pleaded Shields was indebted to petitioner at the time of his death in that amount.

As a second count, the petition made the allegations of the first count a part and then alleged that on August 15, 1940, while Equity owned property it gave petitioner a note for $40,000; that by December 1, 1946, the indebtedness evidenced by it had been reduced to $18,500 and on December 1, 1946, Shields caused to be executed and delivered to petitioner a note, a copy of which was attached; that at that time Equity existed in name only, owned no property and was not transacting any business; that the obligation evidenced thereby was not that of Equity; that Shields had no authority to obligate Equity to pay the debt evidenced by the note and the officers of Equity never had recognized the note as its obligation.

The petition then alleged that petitioner had no knowledge that Equity had been out of business for about two years and that Shields had no authority to sign the note and accepted it in good faith and cancelled the note for $40,000; that Shields had paid petitioner during 1947 approximately $1,000 on the note and there was owing Equity Gas Company $17,500, with interest.

Judgment was asked against the estate in that amount.

On motion of the petitioner, the petition was transferred to the district court. The executrix filed a detailed motion to compel the petitioner to make the petition definite and certain and to strike. These were overruled. She then filed a motion to require the petitioner to elect and set out some eight different theories and causes of action she claimed were intermingled in the petition.

This motion was also overruled. Thereupon the executrix demurred to the petition on the ground that the court had no jurisdiction of the person of the executrix or the subject matter; that peitioner had no legal capacity to sue; that several causes of action were improperly joined and the petition did not state facts sufficient

to constitute a cause of action. This demurrer was overruled—hence this appeal.

The specifications of error are that the court erred in overruling motions to make definite and certain, to strike, to require petitioner to elect and in overruling the demurrer.

At the outset of her brief executrix concedes as a general rule rulings on a motion to make definite and certain are not appealable. She argues, however, that there are exceptions where the allegations are so indefinite and uncertain that the true nature of the claim is not apparent. To sustain this, she cites *Mead v. City of Coffeyville*, 152 Kan. 799, 107 P. 2d 711. In that case motions to make definite and certain had been filed against a petition and denied. The defendant's demurrer was overruled and on appeal we held that the successful resisting of a proper motion to make definite and certain made it necessary for us to subject the petition to critical analysis.

It is generally conceded that the foregoing is the correct rule. However, it is generally conceded that a petition must be based on some definite, legal theory. Our question is, whether this petition is not so based.

The authorities cited and relied on by the executrix are all cases where the petition contained inconsistent allegations, that is, allegations where the proof of one would disprove the other. For instance, in *Mead v. City of Coffeyville*, supra, the claim filed by the plaintiff alleged she was injured on account of a defect in the parking in the south side of Twelfth Street while in her petition she alleged the defect was on the north side of Twelfth Street in a thoroughfare used by the traveling public. These were two clearly inconsistent theories. The plaintiff successfully resisted motions to make them definite and certain and we held on that account the petition should be strictly construed against the plaintiff. The plaintiff could not prove the defect was in one place where she alleged it to be without disproving that it was in the other.

The same comment could be made about the other opinions cited and relied on by defendant here.

The rule in point here is that stated in *Taylor v. Robertson Petroleum Co.*, 156 Kan. 822, 137 P. 2d 150. There we held:

"The doctrine of election of remedies, or assertion of rights, goes not to the form but to the essence of the remedy. It is the inconsistency of demands which makes the election of one remedial right an estoppel against the as-

sertion of the other, and not the fact that the forms of action are different." (Syl. ¶ 3.)

"To make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other." (Syl. ¶ 5.)

There is nothing inconsistent in this petition. Both causes of action are based on contract and the proof of one contract would not disprove the other. In *Darnell v. Haines*, 119 Kan. 633, 240 Pac. 582, we said:

"This court is fully committed to the doctrine that a suit on an implied contract to pay the reasonable value of services rendered, does not deny existence of an express contract to pay a definite sum for the same services; that action on one theory is not incompatible with recovery on the other, notwithstanding the difference in proof and measure of recovery; that both theories may be tendered as grounds for recovery in the same action; and that, although there can be but one recovery, plaintiff may not be required to elect, but may go to the jury on both."

See, also, *State Bank v. Braly*, 139 Kan. 788, 33 P. 2d 141. Here there is only one recovery asked. The first count alleged that for a valuable consideration Shields promised Equity he would pay its indebtedness to petitioner, a contract between two parties for the benefit of a third. There is nothing misleading or confusing in this. Such a contract may be enforced by the third party. (See *Maddock v. Riggs*, 106 Kan. 808, 190 Pac. 12.)

The second cause of action alleged that Shields executed and delivered a note for $18,500 in the name of Equity and that he had no authority to do so. This stated a good cause of action. (See *Black, Sivalls & Bryson, Inc., v. Connell*, 149 Kan. 118, 86 P. 2d 545.) Proof of the allegations would not disprove any of the allegations of the first one. The allegations in the petition to which defendant attaches a great deal of weight were pertinent to the execution and delivery of the note. At any rate, there was no such confusion of theories in this petition as to make it subject to a demurrer.

The judgment of the trial court is affirmed.