No. 38,317

JOHN WADDELL, *Appellant*, v. CLAUDE BLANCHARD, Chairman, JOHN J. HEAP, MARION W. CARTER, W. S. HUFF, R. V. RANDELS, as the duly elected and qualified and acting Trustees of the Church of the Nazarenes, *Appellees*.

(232 P. 2d 467)

Opinion filed June 9, 1951.

*Richard W. Moss*, of El Dorado, was on the brief for the appellant.

*F. J. Leasure*, of El Dorado, was on the brief for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to rescind a deed and quiet title to real estate.

For all purposes essential to the issues here involved it will suffice to say that pursuant to an order of the district court the plaintiff, who had commenced this action by the filing of a petition setting forth all grounds on which he relied for recovery in one cause of action, filed an amended petition wherein, in three causes of action, he alleged facts which, if established by evidence, would entitle him to rescission of a certain deed and the quieting of his title to the real estate therein conveyed by him to the defendants on any one of three grounds, namely, legal or equitable fraud or failure of consideration.

With the amended petition in form as heretofore related the defendants, who had initiated the proceeding resulting in the district

court's order requiring plaintiff to separately state and number the causes of action set forth in the petition, filed a motion asking for an order requiring plaintiff to elect upon which of the three causes of action set up in his pleading as amended he would stand when the case came on for trial. After a hearing the district court sustained this motion and by order directed plaintiff to make such an election within fifteen days. Thereupon plaintiff perfected this appeal in which the propriety of that ruling is the only error assigned.

From what has been heretofore related it is obvious the trial court treated the amended petition as a pleading containing three causes of action based upon three separate, distinct, and inconsistent remedies and therefore concluded that under the doctrine of election of remedies appellant could only rely upon one of them for recovery. It follows its action in requiring the appellant to elect, since it had the effect of precluding him from relying thereon, was tantamount to the sustaining of a demurrer to at least two of the causes of action set forth in such pleading. For that reason there can be no question, and we shall proceed on the theory, the order as made comes within the scope of G. S. 1949, 60-3302, and is appealable. By the same token it becomes apparent we are not here concerned with whether the petition as, originally filed stated a single cause of action or the trial court erroneously required appellant to amend that pleading by separately stating and numbering its causes of action. This, of course, means we are not passing upon those matters and that failure to hereinafter mention them is not to be regarded as approval of the trial court's action with respect thereto.

Assuming, without deciding, the amended petition contains three causes of action we turn directly to the question whether such causes of action were predicated upon theories which warranted the trial court in concluding the appellant could only stand upon one of them as a basis for the relief he seeks to obtain in the action.

In this state, under what is commonly known as the doctrine of election of remedies, we have consistently held that when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of the other. On the other hand our decisions are just as consistent to the effect that the doctrine has no application where two or more existing remedies are consistent and that when that situation prevails a party may pursue one or

all of them so long as he obtains but one satisfaction. To here enter into a discussion of the principles underlying the rule or to attempt to relate the circumstances and conditions under which it becomes applicable or the many conditions and circumstances under which it has no application at all is wholly unnecessary and would only serve to unduly prolong this opinion. The rule is announced, and the subject of when the doctrine has or does not have application is exhaustively treated, in the opinion of our well considered decision in *Taylor v. Robertson Petroleum Co.* 156 Kan. 822, 137 P. 2d 150. Numerous cases dealing with all phases of the subject and approving the rule as there announced and herein stated can be found in the opinion of that decision, also in the opinions of our more recent decisions of *Davidson v. McKown,* 157 Kan. 217, 223, 139 P. 2d 421; *Jones v. Rainbolt,* 162 Kan. 353, 176 P. 2d 855 and *Jerecki Manufacturing Co. v. Shields,* 169 Kan. 640, 220 P. 2d 144, and need not be cited.

An examination of the foregoing decisions, as well as those therein cited, reveals the all decisive test to be applied in determining whether the causes of action set forth in a petition are of such character that they can or cannot be united is repugnancy and contradictoriness, as distinguished from the statement in the form of different causes of what is essentially only one cause of action, and that whether there is repugancy or contradictoriness as between the causes of action depends upon whether the proof of one cause disproves the other. To illustrate, in *Taylor v. Robertson Petroleum Co.,* supra, we held:

"To make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other." (Syl. ¶ 5.)

While it is true that most of the decisions to which we have heretofore referred deal with the propriety of rulings on demurrers to pleadings on grounds of misjoinder of causes of action the principles therein announced have equal application to, and are decisive of, rulings on motions to require a plaintiff to elect on which one of several causes of action he will rely for relief. The reason for this is so obvious it hardly requires mention. If his causes of action are of such nature he can pursue all of them until he obtains one satisfaction of his claim he cannot be required to comply with an order which for all intents and purposes would deprive him of that right. Ample support, both implied and direct, for the fore-

going conclusion is to be found in our decisions. See *Federal Savings & Loan Ins. Corp. v. Urschel*, 159 Kan. 674, 157 P. 2d 805, which holds:

"Under the doctrine of election of remedies a plaintiff who comes into court with a petition containing causes of action predicated upon inconsistent theories may be required to elect upon which one of the several inconsistent positions so asserted by him he relies as a basis for the relief he seeks to obtain in his action." (Syl. ¶ 1.)

See, also, our recent decision in *Dalton v. Lawrence National Bank*, 169 Kan. 401, 219 P. 2d 719, where, in disposing of a question pertaining to the right of a party to require the plaintiff to make an election, we said:

"It is well settled that an election of remedies may be required only when there is such inconsistency that the allegations in one cause of action must necessarily repudiate or be repugnant to the other. (See *Taylor v. Robertson Petroleum Co.*, 156 Kan. 822, 137 P. 2d 150.) The test is whether but one satisfaction is asked. . . ." (pp. 409, 410.)

With the rule established nothing remains but to apply it. When it is applied to the present pleading we think it is clear that no allegation in either of the three causes of action tends to disprove or is repugnant to the allegations in the others. Each cause of action sought the same relief and it is certain proof of fraud or undue influence in obtaining the deed would not disprove the fact that instrument was executed by the appellant and that thereafter there was a failure of consideration warranting rescission. Neither can it be said that proof of failure of consideration would necessarily repudiate or be repugnant to proof of the allegations of any one of the three causes of action as to the conditions and circumstances under which appellees obtained the deed. It follows the motion requiring appellant to elect should not have been sustained.

Conceding the rule to be as heretofore stated appellees rely upon *Sluss v. Brown-Crummer Inv. Co.*, 137 Kan. 847, 22 P. 2d 965; *Taylor v. Robertson Petroleum Co.*, supra; *Federal Savings & Loan Ins. Corp. v. Urschel*, supra, as supporting their position the allegations of the three causes of action in question are inconsistent. When examined it is to be noted these cases also recognize and adhere to the rule and that they contain nothing to indicate that allegations in causes of action such as are here involved are repugnant, contradictory or inconsistent. The most that can be said for them is that under the factual allegations there under consider-

ation, which were entirely dissimilar, this court reached conclusions similar to the trial court's conclusion in the instant case. In *Taylor v. Robertson Petroleum Co.*, supra, we held the plaintiff who had commenced one action on the theory he was the owner of an oil and gas lease could not maintain another action on the theory that title to such lease was in the defendant. *Federal Savings & Loan Ins. Corp. v. Urschel*, supra, holds that one seeking to establish rights in real estate (a stairway) could not rely on an oral agreement with the owner whereby he was in possession and at the same time claim title by adverse possession. In *Sluss v. Brown-Crummer Inv. Co.*, supra, the plaintiff sought specific performance of a contract in one cause of action and in another rescission of the same contract on grounds of fraud. We held that under the facts as pleaded it was impossible to determine on what definite theory the plaintiff sought recovery or on which of two inconsistent theories he relied and upheld the trial court which had sustained demurrers to his petition. Thus it clearly appears the contention such decisions sustain appellees' position is clearly fallacious.

It is pointed out that two of the three causes of action are based upon alleged tortious conduct on the part of the appellees while the other concedes the execution and breach of a mutual agreement and suggested that causes of action sounding in tort cannot be joined with a cause of action based on contract. The test as we have heretofore indicated does not depend upon the nature of the facts relied on for recovery but whether proof of the facts set forth in one cause of action would disprove those relied on in another.

The judgment is reversed with directions to set aside the order requiring appellant to elect as to which of the three causes of action set forth in his amended petition he would rely on upon the trial of the cause.