No. 39,685

In the Matter of the Estate of GWEN WOODSON, a Minor. G. M. WOODSON and GRACE WOODSON, *Appellants*, v. GUY M. WOODSON, JR., and LUCY GRACE WOODSON, GWEN WOODSON, a Minor, and WILL T. WRIGHT, Guardian of Gwen Woodson, *Appellees*.

(282 P. 2d 402)

Opinion filed April 9, 1955.

*Max Wyman,* of Hutchinson, argued the cause and *Don Wyman,* of Hutchinson, was with him on the briefs for the appellants.

*J. Richards Hunter,* of Hutchinson, argued the cause, and *Walter F. Jones, Harry H. Dunn* and *John G. Atherton,* all of Hutchinson, were with him on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was an action to set aside deeds to real property or in the alternative to enforce a contract for rents and profits, and in a second cause of action to foreclose a mortgage on the same real estate. The motion of defendants to compel plaintiff to elect between two alleged theories upon which he relied was sustained. Plaintiffs have appealed.

At the outset, it is deemed wise to clarify the relationship of the parties as they appear in the title. G. M. Woodson and Grace Woodson are the parents of Guy M. Woodson, Jr.; Gwen Woodson is the daughter of Guy and Lucy Grace Woodson; Gwen is a minor and Will T. Wright is her guardian.

Will T. Wright filed a petition in the estate of Gwen for permission to sell the quarter section in question. G. M. Woodson and Grace, his wife, filed objections to it. These proceedings were certified to the district court pursuant to G. S. 1949, 59-2402. On June 25, 1951, G. M. Woodson and Grace filed this petition in the district court. The allegations in the petition are substantially the same as in the answer filed in probate court. The two proceedings were consolidated for trial in the district court. Only the petition filed direct in the district court was abstracted for this appeal.

After stating the relationship of the parties, this petition alleged the acquiring by the plaintiffs of the quarter section in question in 1903, and that they had occupied it as a homestead; that Guy M. Woodson, Jr. had made his home with plaintiffs and had farmed this quarter section as a tenant and had married Lucy Grace, and Gwen was born to them on February 23, 1938; that on or about April 18, 1940, plaintiffs and Guy M. made an oral agreement that if Guy M. Woodson, Jr. would build a house on the place and move onto it and farm all plaintiffs' land as a tenant so long as his farming was satisfactory to plaintiffs and pay plaintiffs the landlord's share from the land described, plaintiffs would deed the quarter in question to him; that pursuant to such agreement plaintiffs did deed it to him on April 18, 1940, and the only consideration

for such deed was the oral contract stated; that on April 16, 1940, Guy M., Jr. and his wife executed a mortgage on the land in question for $4,000; that no house was built on the land and Guy M., Jr. planted a wheat crop for 1940 and in the spring of 1941 joined the army and was sent to France and plaintiffs were told by him to harvest the crop already planted and dispose of his machinery and apply the proceeds on the indebtedness; that plaintiffs had ever since been in possession of the land in question; had rented it and received the landlord's share; that the mortgage became due and plaintiffs paid it; and Guy M., Jr. and his wife gave them a mortgage on it for $4,900, which became due January, 1954, and there was due on such mortgage $6,259.75; that from 1940 plaintiffs had paid the taxes on this land each year and the mortgage was subject to foreclosure.

The petition then alleged that to further secure them in their rights to the rents and profits and as part of the consideration for executing the mortgage mentioned above Guy M., Jr. executed an assignment, which was attached to the petition. This assignment was under date of July 30, 1944, and was as follows:

"Exhibit 'A'

"Mount Vernon, Ind.
"401 West 2nd St.

"On this 30th Day of July—1944, I Guy M. Woodson, Jr. do relinquish and convey all my rights to crops Royalties, Leases, Use of Buildings, Management, etc. of the N. E. ¼ Section 33, Township 26, Range 9 in Reno County, Kansas, to my father and mother, G. M. Woodson Sr. and Grace Woodson, of Penalosa, Kansas, to use and to hold until the death of each aside from a $4900.00 Mortg. with interest at 4½%.

"Date of Mortgage Jan. 25-1944.

"Signed—Guy M. Woodson Jr.

"Witnessed By:   Leroy Rainey
                Fred Lewis
                Ivan C. Willis."

The petition further alleged that the guardian of Gwen was a lawyer, who was her mother's brother and occupied a position of trust toward Guy M., Jr; that Lucy Grace obtained a divorce from Guy M., Jr. on October 31, 1947; that she and her brother, Will T. Wright, the guardian, were familiar with the contract between plaintiffs and Guy M., Jr. and that Guy M., Jr. had not occupied nor farmed the land since 1941 and had failed to farm it as he had agreed.

The petition then alleged the filing of the petition to sell real estate in the probate court as the property of Gwen and plaintiffs

desired that such sale be enjoined until their rights could be ascertained; that for the purpose of defrauding plaintiffs and for the purported benefit of Gwen, Will T. Wright secured from Guy M., Jr. a warranty deed to the land in question to Gwen; that the deed recited a consideration of $1.00, which was never paid and if Gwen, who was then nine years old, had no knowledge of such transaction, she was fully charged with knowledge of all the rights of plaintiffs and such deed was duly recorded.

The petition then alleged plaintiffs were entitled to have the deeds mentioned set aside; to continue in possession of the real estate; to collect the rents therefrom during their lifetime and to have their title quieted as against defendants; that since giving the deed to Guy M., Jr., plaintiffs had hoped he would come home and fulfill his contract with reference to farming the real estate, but upon learning he had conveyed it to Gwen and he being in default of his contract, they elected to rescind it and by the action filed did so elect.

The second cause of action was for foreclosure of the mortgage.

The prayer of this petition was that defendants be required to set forth their claims to the real estate; that the deeds to Guy M., Jr. and to Gwen be set aside; that plaintiffs' contract with Guy M., Jr. for the rents and profits be enforced for the lives of the plaintiffs and that plaintiffs recover from Guy M., Jr. and Lucy Grace the sum of $6,259.75 and a foreclosure of the mortgage.

To this petition defendants, Lucy Grace, Gwen, a minor, and Wright, her guardian, filed a motion in which they first stated that plaintiffs had attempted to state two causes or grounds for relief (1) that G. M. Woodson made an oral reservation of a life estate in the property in April, 1940, when he and his wife conveyed to Guy M., Jr., and (2) that on July 30, 1944, Guy M., Jr. granted Guy M. and Grace a life estate in the same premises by the written instrument already set out in this opinion. The motion further stated those two causes were inconsistent because one proceeded upon the theory that on July 30, 1944, full title was in Guy M., Jr. and the other proceeded upon the theory that on that date Guy M., Jr. had only a remainder interest after a life estate in plaintiffs. The prayer of this motion was that plaintiffs be required to elect upon which theory or ground of recovery they wished to rely or in the alternative to dismiss the action. This motion was sustained and plaintiffs were granted until August 23, 1954, to make the election. Hence this appeal.

The specification of error is that the trial court erred in requiring

plaintiffs and intervener to elect whether they relied upon the reservation of a life estate made on April 18, 1940, or upon a written assignment executed by Guy M., Jr. on July 30, 1944, by which he relinquished all his right to crops, royalties, leases, uses of buildings and management.

The position of defendants on this appeal is that plaintiffs have pleaded two theories upon which they rely for recovery, the proof of which involves inconsistent or contradictory facts, that is, the proof of the reservation of the life estate at the time of the first deed to Guy M., Jr. would disprove the giving of the grant of rents and so forth by Guy M., Jr. This seems to have been the theory adopted by the trial court.

We have concluded this construction placed upon the allegations of the petition was too narrow at this stage of the proceedings. The petition simply recites the dealings between the two plaintiffs and their son and his wife with reference to this quarter section of land for a term of years from 1940 to 1954. We carefully refrain from passing or commenting on the merits. That is, for some time in the future, when the issues have been decided. At this time, however, we see no inconsistency between the proof of the original contract of 1940 and proof of the written grant of July, 1944. Both could have happened. Perhaps different legal consequences will eventually be held to flow from each. We do not decide that question now. However, the rule is well stated in *Waddell v. Blanchard*, 171 Kan. 280, 232 P. 2d 467. There we held:

"1. *Election of Remedies—Inconsistent Remedies—What Constitutes.* As between causes of action set forth in a petition election of remedies may be required only where there is such inconsistency that it can be held the allegations in one cause of action allege what the other denies or the allegations of the one necessarily repudiate or are repugnant to the other.

"2. *Deeds—Action To Rescind—Election of Remedies.* When in an action to rescind a deed and quiet title to the real estate therein described the plaintiff sets forth his grounds for relief in three separate counts, one of which is based on equitable fraud, another on legal fraud, and the other on failure of consideration, the grounds so relied on are not inconsistent and it is error for the trial court to require him to elect as to which of such grounds he will rely upon for recovery in a trial upon the merits."

See, also *Jerecki Manufacturing Co. v. Shields*, 169 Kan. 640, 220 P. 2d 144; also *Walker v. Rooney*, 135 Kan. 158, 9 P. 2d 973.

It follows the judgment of the trial court is reversed with directions to proceed with the trial of the cause.

THIELE, J., concurs in the result.