NEIL R. BOLLONG, PLAINTIFF IN ERROR, V. SCHUYLER NATIONAL BANK, DEFENDANT IN ERROR.

[FILED MARCH 20, 1889.]

**National Banks:** ACTION: USURY: DEFENSE: PLEADING: ESTOPPEL. Defendant in error, a national bank, brought separate suits against plaintiff upon two promissory notes. In each action plaintiff in error filed his answer, setting up as a defense that illegal interest had been contracted for and received by the bank, and asking that defendant have judgment only for the amount of money received less the usurious interest paid. Upon trials

being had, the findings of the district court were in favor of plaintiff in error in each case, the credits being allowed and the costs taxed to the defendant in error, who was plaintiff therein. Subsequently plaintiff in error instituted this action for the recovery of twice the amount of the legal interest paid, as provided by section 5198 of the Revised Statutes of the United States. Defendant pleaded in bar the recovery of the usurious interests in the former suits, and upon trial the plea was sustained, and to the extent of the causes of action which had been adjudicated in the former suits, plaintiff's petition was dismissed. It was *held*, upon error to the supreme court, that the judgments of the district court in the former actions in favor of plaintiff in error, were not void, the facts presented by the answers being a subject-matter within its jurisdiction, and that the adjudications in favor of plaintiff in error in such actions were a bar to his recovery in this case; and second, that such adjudications being had in his favor, at his request, and upon his procurement, upon a subject-matter within the jurisdiction of the district court, he is now estopped to deny its validity.

ERROR to the district court for Colfax county. Tried below before MARSHALL, J.

*J. A. Grimison,* and *Phelps & Sabin,* for plaintiff in error, cited : *National Bank v. Garlinghouse,* 22 Ohio St. 492; *Davis v. Randall,* 115 Mass. 547; *Barnet v. National Bank,* 98 U. S. 555; *Stephen v. Monongahela National Bank,* 111 Id. 197; *Driesbach v. National Bank,* 104 Id. 52; *Bank v. Gruber,* 91 Pa. St. 377; *Windsor v. McVeigh,* 93 U. S. 274–284; Freeman on Judgments, p. 116–122, and cases cited; Herman on Estoppel and Res Adjudicata, p. 110; *Aspden v. Nixon,* 4 How. 467; *Houston v. Musgrove,* 35 Tex. 594; *Wanzer v. Howland,* 10 Wis. 8; *Damp v. Town of Dane,* 29 Wis. 420; *The State v. Richmond,* 6 Foster, (N. H.,) 232, and cases cited; *Gilliland v. Adm'r of Selles,* 2 O. St. 227; *Withers v. Patterson,* 27 Texas, 494; *Filley v. Cody,* 4 Colo. 109.

*E. T. Hodson,* for defendant in error, cited : Herman on Estoppel and Res Adjudicata, p. 451; *Ela v. McConihe,*

35 N. H. 279; *Beam v. MacComber*, 35 Mich. 457; *Railway Co. v. McCarthy*, 96 U. S. 258; *Eustis v. Bolles et al.*, vol. VI New Eng. Rep., p. 82; Bigelow on Estoppel, p. 601; *Lounsbury v. Catron*, 8 Neb. 469; *Buchanan v. Dorsey*, 11 Id. 373; *Strong v. Irwin*, 12 Id. 446.

REESE, CH. J.

This action was institued in the district court of Colfax county, for the recovery, under section 5198 of the Revised Statutes of the United States, of twice the amount of illegal interest alleged to have been paid defendant in error, it being organized as a national bank under and in pursuance of the laws of the United States.

The petition contained twelve counts or separate causes of action, each being based upon a payment of illegal interest alleged to have been made to the bank. The total amount for which judgment was demanded was $707.10.

The answer of defendant contained, among other things, the allegation as to the fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, and twelfth, causes of action contained in the petition, that prior to the commencement of this action, defendant instituted two several actions against the plaintiff in the district court of Colfax county upon the notes which were the evidences of the indebtedness upon which the several payments of illegal interest were alleged to have been made, and that in said actions plaintiff presented as defenses the same facts which are set out in said counts of his petition in this case; and that upon issue being joined thereon, the district court, upon a hearing of the causes upon trial, found in his favor, and rendered judgment thereupon in accordance with said findings, and that the whole matter presented in the counts referred to in plaintiff's petition had been adjudicated in such actions.

A reply was filed by which all the allegations of the answer were denied.

A trial was had to the court, upon which it found in favor of the plaintiff upon the causes of action set out in the second and third counts, and rendered judgment against the bank for the sum of $236. Plaintiff brings the cause into this court by proceedings in error, and assigns for error that the court erred in its finding against him on the fifth, sixth, seventh, eighth, tenth, eleventh, and twelfth, causes of action ; that the findings and decision are not sustained by sufficient evidence, and are contrary to law.

It appears from the evidence introduced upon the trial that at a time prior to the commencement of this suit, the date of which is not given, the defendant instituted its action against plaintiff for the sum of $2,000, alleged to be due upon a promissory note signed by plaintiff, dated May 24th, 1866, and due thirty days after date, and that plaintiff in his answer to the petition admitted the execution and delivery of the note, and alleged as a defense thereto, that on the 16th day of June, 1885, he borrowed from defendant the sum of $2,000 for ninety days, and paid to it as interest thereon the sum of $62, and that at divers other times, set out in the answer, the note was renewed and usurious interest paid, amounting in all to the sum of $311.50 usurious interest collected by defendant.

The answer contained an admission that: "That there is due to the plaintiff upon said promissory note the sum of $1,689.50, and no more." The prayer of the answer was that said sum of $311.50 illegal interest paid might be deducted from the amount named in the note, and that the costs of the action be taxed to the plaintiff. Upon a trial in that case being had, judgment was rendered in favor of defendant, who was plaintiff in the action, for the sum of $1,689.50, the amount confessed in the answer, and costs were taxed to it.

It further appears that another action had been instituted against plaintiff by defendant upon a note of $1,200, in the same court, and that an answer was filed presenting at

length the defense of usury, admitting that there was due defendant the sum of $994.80, and no more, and praying that the sum of $149.40, the alleged usurious interest, be deducted from the original amount received. The result of the trial in that case was a judgment in favor of defendant for the sum of $994.80, the amount confessed in the answer, and the taxation of the costs to it.

It clearly appears that the usury mentioned in the answers in the two cases referred to is the same as that which is alleged in plaintiff's petition in this case, and that in these actions the illegal interest received was applied as payment on the original indebtedness, under the provisions of the interest laws of this state.

The contention of plaintiff is that the judgments in the suits to the extent of allowing him credit for the illegal interest paid, were void, and are not a bar to this proceeding, notwithstanding they were rendered in his favor upon his answer in the nature of a cross-petition, and that he has received the benefit thereof.

The question has been ably presented by counsel on either side, both by oral arguments and briefs, and is to our mind not free from difficulty.

As it has been held by this court in *First National Bank v. Overman*, 22 Neb. 116, that state courts have jurisdiction to enforce the collection of the penalty prescribed by section 5198 of the Revised Statutes of the United States for taking illegal interest, it might be contended with quite a degree of reason that under the provisions of sections 100 and 101 of the Civil Code, the penalty given by the law of congress, where it arises out of the transaction which forms the basis of a plaintiff's suit, might be pleaded as a counter claim and allowed as such. And were this the correct view, it is clear that plaintiff could not recover in this case, for the reason that in the former suits he presented by his answer the same facts which are now set up in his petition, and that the district court, by his procurement, erred in not

giving the full relief prescribed by the law of congress; and that the judgment would not for that reason be void. But it may be that in *Barnet v. Bank*, 98 U. S. 555, the supreme court of the United States have held otherwise, and that no proceeding could be maintained for the enforcement of the remedy given by section 5198 other than by a separate and independent action of debt. We think the case referred to scarcely reaches to that extent, as it does not clearly appear that the claim presented in that case for twice the amount of interest paid, was based upon the same transaction or contract set forth in the petition. As we deem it unnecessary to decide that question in this case, our decision will be based upon other and different grounds.

It may be conceded as contended by plaintiff, that the defense of usury under the interest laws of this state, cannot be pleaded in an action instituted by a national bank, as a legal defense, and that the state courts have no jurisdiction as against such banks to enforce the penalties prescribed by state law, and that the decisions of the district court in the former cases were erroneous, or even voidable; and yet we cannot see that plaintiff can again recover. In other words, that plaintiff having availed himself of a supposed remedy, and having received a judgment in his favor upon his answer and cross-petition without objection, and having accepted the result, is estopped from subsequently objecting to the authority of the court to render the judgment. The district court, by which the former judgments were rendered, was a court of general jurisdiction. While it may be true, as hereinbefore intimated, that by the rule in *Barnet v. Bank, supra,* it was error for such court to render judgment under the usury laws of this state, yet we are not aware of any rule which can be applied which would render the judgment absolutely void, no objection having been made at the time, and the case having been allowed to go to judgment. If it could be said that it was the duty of the district court to strike plaintiff's de-

fenses from his answer in these cases, and order them to be made the subject of separate and independent actions, yet its failure to do so could not render its judgments void as one without jurisdiction of the parties or of the subject-matter. The most that can be said is that it had not jurisdiction over the subject-matter in that form of action; but it did have jurisdiction in a proper proceeding. The procedure having been had without objection by either party, and at the instigation of plaintiff in this action, we think the judgment was not only not void, but that plaintiff would be estopped to question its validity to the extent of instituting another action for an additional recovery upon the same facts upon which his former recovery was had.

While the application of the principles here announced to cases exactly like the one at bar may not be frequent, yet we think they should be so applied. The legal propositions are elementary, and of the many cases cited by counsel for defendant, we need to refer but to Herman on Estoppel, and Res Judicata, section 51, *et seq.*, and cases there cited; *Edwards v. Stewart,* 15 Barb. 67; and *Blair v. Barlett,* 75 N. Y. 150.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.