**McINTOSH, Adm'r., v. LYNCH et al.**

No. 9587—Opinion Filed March 16, 1920.

Rehearing Denied April 13, 1920.

(Syllabus by the Court.)

**Election of Remedies—Effect—Dismissal of Former Action.**

An action was instituted by the vendor seeking the cancellation of a deed to certain real estate on the ground of fraud. The answer filed by defendants denied that any fraud was practiced in securing the deed. Pending the action, plaintiff died. The cause was afterwards revived in the name of the administrator. The action was dismissed by the administrator without prejudice and the instant action instituted, asking judgment for the balance of the purchase money. Held, the former suit did not constitute such an election as to bar the action instituted by the administrator.

Error from District Court, Tulsa County; N. E. McNeill, Judge.

Action by Bunnie McIntosh, administrator of the estate of William Nero, deceased, against F. E. Lynch and another. Judgment for defendants, and plaintiff brings error. Reversed.

Brook & Brook, for plaintiff in error.

Chas. B. Rogers and Fred A. Fulghum, for defendants in error.

PITCHFORD, J. Hillie Bear, a full-blood Creek citizen, died sometime prior to 1912, having made a will in which she left certain of her property to one Addie Nero. A contest was instituted to set the will aside. Upon hearing before the district court, the will was set aside. From the judgment setting the will aside an appeal was taken to this court. During the contest of the will, Will Nero, husband of the said Addie Nero, was incarcerated in the jail in Tulsa on the charge of having murdered his wife, Addie Nero. It is claimed that Addie Nero was a niece of Hillie Bear, and in the event the will was set aside, she would inherit one-fifth of the estate. While Will Nero was so incarcerated, Fred A. Fulghum and F. E. Lynch purchased from Will Nero his interest, as surviving husband of Addie, in the lands of Hilly Bear, deceased, for a consideration of $500. They paid him at the time $25 in cash, and entered into a contract whereby they agreed to pay the remainder, $475, when the will contest was acted on by the Supreme Court. The deed was dated March 11, 1912. On December 2, 1913, Will Nero, instituted an action in the superior court of Tulsa county against Lynch and Fulghum, charging fraud and misrepresentation in the procurement of the deed and alleging that the property was greatly in excess of the amount agreed to be paid him; that his interest in the property was worth something like $10,000. The defendants filed an answer in that action, denying that the deed was obtained by fraud or that false representations were made. Will Nero died prior to the trial of this action, and on the 18th day of January, 1913, Bunnie McIntosh, administrator of the Nero estate was made party plaintiff. The appeal from the judgment setting the will aside was dismissed in this court on the 13th day of July, 1915. On September 28, 1915, the cause in the district court was dismissed by the administrator, and on the 18th of December, 1915, the instant action was commenced in the district court of Tulsa county by the administrator, seeking to recover the balance of the purchase money, to wit, $475, with interest from the 15th day of March, 1912, at the rate of 6 per cent per

annum. The substance of the answer filed by the defendants in the instant case was that the plaintiff intestate, having instituted an action to set aside the deed on the grounds of fraud and misrepresentation, he thereby elected his remedy, and having made the election, that he, as well as his administrator. was bound thereby and estopped from bringing this action to recover the amount sued for. A jury being waived, the court, after hearing the evidence both parol and documentary, held: First, that the allegations in plaintiff's petition should not be sustained for the reason 'that the plaintiff had theretofore filed in the superior court of Tulsa county, Oklahoma, a suit to vacate and set aside the contract sued on in the case at bar, and for the further reasons as set out in defendants' answer, which constituted an election of remedies; second, that while the plaintiff had dismissed said suit referred to herein in the superior court, which was No.____, it constituted an election, which elections precluded the plaintiff from bringing the instant suit against the defendants. The plaintiff relies for reversal upon the seventh assignment of error, which is as follows:

"Said trial court erred in rendering judgment on May 26, 1917, in favor of defendants, said judgment being based on the theory that the plaintiff had made an election and that said election constituted an estoppel."

When Nero filed the original suit in the superior court asking that the deed he had executed to the defendants be set aside for fraud and misrepresentation, the defendants filed their answer denying fraud, and relied upon their contract of purchase, wherein they agreed to pay the plaintiff the balance of said purchase price, to wit, $475, when said will contest was finally passed upon by the Supreme Court. There was no dispute as to the amount they owed on the contract. If the action brought by Nero had been prosecuted to final determination, and the court had found there was no fraud and the deed executed by him to the defendants was in all respects valid, this would not have resulted in depriving the plaintiff of his claim for the balance of the purchase money. The only effect of a judgment in that action would have been to find that the contract was valid, and, in effect, advising plaintiff that his only remedy against the defendants was to enforce his contract for the balance of the purchase money; therefore, when the administrator, after the death of Will Nero, realizing, no doubt, that in order to establish fraud he would necessarily be compelled to rely upon the testimony of Will Nero, and that evidence not being accessible, dismissed the action filed by Nero, the effect of the dismissal should not be considered of any greater force

than if the defendants had prevailed. Furthermore, the former action was dismissed without prejudice. Under section 5126, Rev. Laws 1910, a dismissal is held to be without prejudice unless the words "with prejudice" be expressed therein.

The theory of defendants is that plaintiff was not entitled to recover in the former action, there being no fraud in the transaction, and, in effect, they say that the only remedy plaintiff could have had in that action would have been one for the recovery of the balance of the purchase price of the land. It would not comport with justice to say that because the original action was not prosecuted to a final determination, the defendants could thereby escape the payment of the amount they themselves acknowledge was due on the contract with Nero. We fully concur in the rule announced in Harrill v. Davis, 168 Fed. 187, 22 L. R. A. (N. S.) 1153.

"The fatuous choice of a fancied remedy that never existed, and the futile pursuit of it until the court adjudges that it never had existence, is no defense to an action to enforce a natural remedy inconsistent with that first invoked."

In Register v. Carmichael, 169 Ala. 588, 53 So. 799, 34 L. R. A. (N. S.) 309, it is said:

"Instituting an equitable proceeding to settle the affairs of a partnership of which plaintiff claimed to be a member, does not, prior to the securing of some benefit therefrom, amount to an election which will bar an action at law to recover the contract price of plaintiff's interest, which was alleged to have been sold and delivered to defendant."

The principle enunciated in the case of Thrall v. Thrall, found in 60 Wis. 503, 19 N. W. 353, applies to the instant case. There a son working in New York was induced by his mother to return home to take charge of the 80-acre farm and provide for and work the farm during his father's natural life; thereafter, the farm to be his. On the death of his parents, he filed a verified claim against the estate for his services and the support of his parents. No action was taken on this claim. Later, he being in possession of the farm an action of ejectment was brought against him by the other heirs. As a defense he set up his contract with his mother and asked for specific performance. The plaintiffs contended that his former action in filing the claim against the estate was inconsistent with his defense in the latter action, and that he was estopped from pleading that he was the owner of the farm under the contract entered into with his mother The court, through Mr. Chief Justice Cole in delivering the opinion, said:

"We are utterly unable to perceive any grounds for estoppel resulting from that proceeding. The defendant testified that he was induced to commence the proceeding in the probate court by advice of .counsel, who told him he could not hold the farm under his contract. This legal advice he acted upon in filing his petition. But his claim has never been presented, acted upon, or allowed by the probate court, and, of course, has never been paid. It seems to us too plain for discussion that no principle of estoppel can be predicated on the probate proceedings."

In Chicago, R. I. & P. R. Co. v. Mashore, 21 Okla. 275, 96 Pac. 630, it was said:

"In the trial of a case brought for work and labor, it developed that plaintiff had brought a prior action in which he charged another party, as defendant, for the same services, which action was not tried and no judgment rendered therein. In the case on trial, defendant asked an instruction to the effect that the former action worked an estoppel to plaintiff's prosecution of his case against it, which was denied by the court. Held, not error. The bill of particulars in such former suit, being a quasi admission, was competent as evidence, but did not constitute an estoppel."

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with the views herein expressed.

All the Justices concur.