AHRENS v. COMMERCIAL NAT. BANK.

No. 13469—Opinion Filed Sept. 16, 1924.

1. **Election of Remedies—Effect as Bar—Choice of Fancied Remedy.**

The rule is that where a party has two or more inconsistent remedies, such party has a right to elect which remedy it will pursue, and a suit to enforce one remedy is an effectual bar to a suit to enforce an inconsistent remedy. But "the fatuous choice of a fancied remedy that never existed, and the futile pursuit of it until the court adjudges that it never existed, is no defense to an action to enforce a natural remedy inconsistent with that first invoked." McIntosh, Adm'r, v. Lynch et al., 78 Okla. 85, 188 Pac. 1079.

2. **Same—Effect of Former Judgment.**

Where a party supposes himself entitled to elect between two inconsistent remedies, and undertakes to enforce one of said remedies, and the defendant induces the court to sustain an objection to the introduction of any evidence by the plaintiff, on the theory that the remedy does not exist, and the judgment dismissing the petition becomes final, the judgment becomes binding, although the court may have been mistaken in concluding that the remedy did not, in fact, exist, and the judgment is not a bar to an action upon a remedy which is clearly authorized by law.

3. **Judgment—Binding Effect on Party Inducing—Mistake of Law.**

As a rule a party is bound by a judgment which such party induces the court to make, although such judgment is a mistake of law.

4. **Election of Remedies—Erroneous Ruling on Effect as Bar—Grant of New Trial.**

Record examined, and held, that the judgment in case No. 4223, dismissing the plaintiff's suit brought for possession of the automobile, upon the theory that such remedy did not exist, is not a bar to plaintiff's action upon the notes in question; and held, that the judgment in favor of defendant in this case, that the judgment in case No. 4223 constituted a bar to the present action, was erroneous; and held, that the order and judgment granting the plaintiff a new trial should be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by the Commercial National Bank of Muskogee against Henry S. Ahrens on two promissory notes. Cause tried to a jury. Verdict directed for defendant and judgment entered thereon. Motion for a new trial filed and sustained by the court. The defendant appeals from the order and judgment granting plaintiff a new trial. Affirmed.

Watts & Watts and Leahy & Brewster, for plaintiff in error.

Benj. Martin and W. K. Zachry, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error, defendant below, will be referred to herein as the defendant, and defendant in error, plaintiff below, as the plaintiff.

This is an appeal from an order and judgment of the trial court, sustaining a motion for a new trial. The facts out of which the lawsuit grew are that sometime in 1920, the defendant, Henry S. Ahrens, negotiated a business transaction with the Pilot Motor Sales Company of Muskogee, in which he bought from the said company a Pilot automobile, and part of the purchase price being unpaid, a conditional sales contract was signed by defendant under which the company retained title to the automobile until the purchase price was fully paid. Also, the defendant executed in favor of the company two promissory notes, one for $1,200 due in three months and the second for $590, due six months from and after its date, the contract and notes all being dated

March 31, 1920. The notes were indorsed and transferred to the Commercial National Bank of Muskogee. It seems, also, that the conditional sales contract was delivered to the bank. After Henry S. Ahrens defaulted in payment the bank undertook to assert ownership in the Pilot automobile delivered to Ahrens by reason of the conditional sale contract, and brought an action for the possession of the automobile. The petition alleges indorsement and transfer of the notes to the bank, and the default thereon; and also that the contract was delivered to the bank, and that under the terms of the contract the title to the Pilot automobile remained in the Pilot Motor Sales Company until the notes were paid; and that the bank is the owner of the notes and the conditional sales contract; and is successor to all the rights of the Pilot Motor Sales Company, and is entitled to the immediate possession of the automobile. The defendant Henry S. Ahrens, answered by general denial. The cause was called for trial and the defendant objected to the introduction of any evidence for the reason that the plaintiff's petition did not state facts sufficient to constitute a cause of atcion. The objection was sustained and the petition dismissed; and the order and judgment sustaining the objection and dismissing the petition became final. The cause was No. 4223 in the district court of Wagoner county, and the pleadings, order, and judgment are identified herein by the said number.

The suit involved in this appeal was filed in the district court of Wagoner county, on January 21, 1921. The plaintiff bank seeks recovery upon the two notes executed by the defendant, Henry S. Ahrens, to the Pilot Motor Sales Company, and by it indorsed and transferred to the plaintiff bank; copies of the notes are attached to the petition and made a part thereof. The aggregate amount of the two notes, interest, and attorney fees, is $2,127.68.

The defendant answered by general denial, except such matters as should be specifically admitted, and the execution of the notes sued on is admitted. The defendant pleads two affirmative defenses: First, That there was an infirmity in the title to the two notes in the Pilot Motor Sales Company, of which the plaintiff had notice, in this: As to the note for $1,200 the same was paid by delivery to the Pilot Motor Sales Company of a certain Stutz automobile, which was the property of the defendant, and which the said company accepted as and for payment of the principal or face value of the $1,200 note, and an agreement was made that the said automobile was to

be sold, and if it sold for more than $1,200 defendant was to have all over that amount, but in any event he was to have credit for as much as $1,200 on the Pilot automobile. That at the time the notes were given a contract was agreed to between the Pilot Motor Sales Company and defendant under which the defendant was employed as an agent to sell Pilot automobiles, the company agreeing to furnish him ten automobiles when called for, and that the company required a deposit of $50 on each car, and the $590 note was given to cover the deposit required in the agency contract, and the additional $90 the defendant owed on the Pilot automobile delivered to him. It appears that a deposit was required to guarantee good faith upon the part of the defendant that he would solicit sales in the territory assigned, and not encroach upon the territory assigned to some other agent. Neither of the notes represented an indebtedness owing by defendant to the motor company except as to the sum of $90, which the defendant in his answer admits owing and offered to pay. Second. The defendant pleaded the judgment in case No. 4223 as a bar to plaintiff's action in the present case, and copies of the pleadings and judgment in case No. 4223 are attached to the answer and made a part thereof.

The plaintiff moved to strike the second affirmative defense, and the motion was overruled. Thereafter, the plaintiff replied to the answer by way of general denial except as to matters specifically admitted. It specifically denies that it had any notice of the matters alleged with reference to the notes, and alleges that it bought the notes before maturity, for a valuable consideration, and without notice of any infirmity in the title. With reference to the second affirmative defense the plaintiff in reply asserts that the conditional sales contract was delivered but never assigned to plaintiff, and that the plaintiff never had any cause of action upon the contract, and that plaintiff was in error in asserting right to the possession of the automobile under the contract; and that its sole remedy is an action upon the notes and that it is not estopped by the judgment in case No. 4223.

The cause was tried to a jury on the 2nd of December, 1921. The court held that the burden was on the defendant to make out his affirmative defenses. The defendant testified as to the conditions under which he gave the notes and introduced the record in case No. 4223 by way of supporting his second affirmative defense. An officer of the plaintiff bank testified about buying the notes from the Motor Sales Company for a

valuable consideration, before maturity and without notice of defenses or infirmities in the title of the Motar Sales Company thereto. At the close of the plaintiff's evidence the defendant interposed the following demurrer. ·

"Comes now the defendant, Henry S. Ahrens, and demurs to the ·testimony offered on behalf of the plaintiff. for the reason that it is insufficient to show that he is relieved from his action or election of remedy heretofore taken in cause No. 4223, and for the further reason that the testimony is insufficient to show that plaintiff is holder in due course of the notes sued on, and evidence is not sufficient to support a verdict and the testimony shows that said plaintiff is barred and that the judgment in the former suit is res adjudicata against it."

The court sustained the demurrer and directed a verdict for the defendant. It appears from the record that the court sustained the demurrer on the theory that the judgment in case No. 4223 was a final adjudication and a bar to the suit brought upon the notes. Judgment for defendant was entered upon the directed verdict. In apt time the plaintiff filed a motion for a new trial, and upon consideration thereof the motion was sustained. The defendant prosecutes appeal and alleges error of the court in sustaining plaintiff's motion for a new trial.

The sole question, presented for consideration is whether or not judgment in case No. 4223 constitutes a bar to the suit brought upon the notes. If it does, the order sustaining the defendants' demurrer and the direction given to the jury to return a verdict for the defendant was correct and plaintiff's motion for a new trial should have been overruled. and the judgment of the court sustaining the motion for a new trial should be reversed. If it does not constitute a bar, the order sustaining defendant's demurrer and the direction given to the jury were erroneous and the judgment sustaining plaintiff's motion for a new trial was correct and the judgment should be affirmed.

The contention made by the defendant, plaintiff in error here, is that at the time the plaintiff filed the possessory action (No. 4223), the plaintiff had two inconsistent rights of action under the instruments delivered by the Pilot Motor Sales Company. One of such rights of action was under the conditional sales contract for the possession of the Pilot automobile, and the other was upon the notes. That the plaintiff had the right to elect which remedy it would pursue, and since the remedies were inconsistent plaintiff was not entitled to pursue both remedies, and having elected to sue for possession under the contract, the proceeding taken in that cause has the effect of barring the alternative remedy by way of suit on the notes. This contention is necessarily based upon the proposition that plaintiff had the two inconsistent remedies. This record discloses that plaintiff brought the possessory action, which amounted to an election of remedies if, in law, the plaintiff was entitled to proceed under the contract to recover possession. In that case this defendant, through the same attorneys who represent him here, made an objection to the introduction of evidence for the reason that a cause of action had not been stated. It appears that the contention was then made that plaintiff was not entitled to prosecute the possessory action under the conditional sales contract, and the court sustained this contention. The effect of the court's decision and judgment was to hold that the possessory action did not lie in plaintiff's favor; that is, the plaintiff had no such remedy: and judgment was entered denying the plaintiff the relief sought in that action. The effect of the contentions made here is that the court was mistaken in holding that plaintiff had no such right of action under the conditional sales contact, and such right of action did exist; and having elected to bring such action the plaintiff cannot now prosecute the inconsistent alternative remedy. If the trial court was mistaken, such mistake arose from· the contentions made by defendant's counsel. In any event the effect of the holding in case No. 4223 was that plaintiff had no right of. action under the conditional sales contract, and the petition was dismissed and the judgment has become final and binding upon the parties. In the reply filed by plaintiff it admits that it was mistaken in thinking that it had a right, under the conditional sales contract, to sue for possession. If the court was correct in rendering the judgment in case No. 4223 that was rendered, plaintiff had no election of remedies because plaintiff's right to possession of the car did not exist under the conditional sales contract, and undertaking to pursue a remedy that, as a matter of law, did not exist, could not constitute a bar. Many cases are cited by defendant to sustain his contention that where inconsistent remedies exist, an election to pursue one remedy is a bar to an action on an alternative remedy. This is unquestionably correct. But, no case has been· called to our attention where a party has attempted to pursue a remedy which in law did not exist, holding that such attempt would have the effect of bar-

ring an action that as a matter of law does exist. It follows that if the court was correct in his judgment in case No. 4223, the judgment in this case, holding that the proceedings in case No. 4223 were a bar to plaintiff's right of action on the notes, was erroneous, and the order and judgment sustaining the motion for a new trial was correct.

In Standard Oil Co. of Ky. v. Hawkins, 74 Fed. 395, the Circuit Court of Appeals said:

"When a party who has a choice of two remedies pursues one of them under the mistaken impression that the law affords him no other, and in ignorance of the existence of the other and more advantageous remedy, equity, in the absense of injury to others, or of facts creating an estoppel, may relieve him from the apparent election made under such mistake, and permit him to pursue the more advantageous remedy."

In Re Van Norman et al. v. Lapp et al., 41 Minn. 494, 43 N. W. 334, it was held:

"A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had a right to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application to such a case.

"* * * The rule is as undoubted as it is familiar that, where a party has inconsistent rights or remedies, he may claim or resort to one or the other, at his election, and that when once made, his election is irrevocable. But we think it is equally true that a mere attempt to pursue a remedy or claim a right to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim; that this proposition, if sound, fully covers this case."

In McIntosh, Adm'r, v. Lynch et al., 78 Okla. 85, 188 Pac. 1079, it was held that:

"The fatuous choice of a fancied remedy that never existed and the futile pursuit of it until the court adjudges that it never had existence, is no defense to an action to enforce a natural remedy inconsistent with that first invoked."

If the trial judge was mistaken in his conclusion that plaintiff had no remedy under the conditional sales contract, such mistake was induced by the defendant and the able counsel who represent him, and the defendant is bound by the mistake of law which he induced.

In Bollong v. Schuyler National Bank,

26 Neb. 281, 41 N. W. 990, the Nebraska Supreme Court held:

"It was held, upon error to the Supreme Court, that the judgments of the district court in the former action in favor of plaintiff were not void—the facts presented by the answers being a subject-matter within its jurisdiction and that the adjudications in favor of the plaintiff in such actions were a bar to his recovery in this case; and second, that such adjudications being had in his favor at his request, and upon his procurement, upon a subject-matter within the jurisdiction of the district court, he is now estopped to deny their validity."

In Butler et al. v. Tifton T. & G. Ry. Co., 121 Ga. 817, 49 S E 763, the court held:

"A party must be held bound by a ruling which he invoked, and by a judgment in his favor which he procured.

"If, in a pending suit, the plaintiff offers an amendment, and the defendant demurs thereto on the ground that 'it sets up a new and distinct cause of action,' and such demurrer is sustained, the judgment dismissing such suit will not bar the plaintiff from suing on the cause of action set out in the amendment offered, but disallowed for the reason that it was a new and distinct cause of action.

"Such ruling on the demurrer further shows that the merits of the matter set out in the amendment were not and could not have been determined in the first suit.

"* * * For when Bedgood & Company endeavored to secure a hearing on the new matter, they were prevented from doing so by the order sustaining the company's demurrer. Having secured a judgment sustaining their position, the railway company must be held bound by the ruling which it invoked, and by the judgment in its favor which it secured. Brown v. State, 109 Ga. 571, 34 S. E. 1031; Papworth v. City, 111 Ga. 55, 36 S. E. 311; Neal Co. v Chastain, 121 Ga. ——, 49 S. E. 618."

In Dennis, State Bank Com'r, v. Kelley et al., 81 Okla. 155, 197 Pac. 422, and in Robinson v. Anderson et al. 88 Okla. 136, 212 Pac. 121, this court held:

"A judgment not appealed from is no less conclusive because it is based upon mistake of law."

As we see this case, it matters not whether the trial court was correct in the judgment in case No. 4223. The proceeding had in that case is not a defense in the present proceeding; and does not constitute a bar to plaintiff's action on the notes. If the court was correct in his judgment in case No. 4223 the plaintiff had one right of action only, and that was upon the notes. If the court was mistaken in that case the mistake was

induced by defendant and he is as effectively bound by the judgment as is the plaintiff. The trial court having decided that plaintiff had no right of action under the conditional sales contract, the decision became the law of the proposition for both parties when the judgment became final.

There is another reason why the motion for a new trial should have been sustained. The defendant admitted in his answer that he owed $90 on the $590 note. If he does, the plaintiff was entitled to judgment for that amount. This item the learned trial judge entirely overlooked in entering judgment for the defendant. If there was no other reason the order and judgment granting the plaintiff a new trial should be affirmed, but we are not basing the affirmance upon that proposition alone. We think the original judgment for defendant holding that the judgment in case No. 4223 was a bar to the action on the notes is clearly erroneous and that all that part of the answer pleading the judgment in case No. 4223 as a bar to the action on the notes should be stricken from the answer, and let the case be tried anew upon the petition and defendant's first affirmative defense.

We recommend that the order and judgment of the trial court sustaining plaintiff's motion for a new trial be affirmed.

By the Court: It is so ordered.