**CRANE, Ex'x, v. OWENS et al.**

No. 24088.     Sept. 22, 1936.

Rehearing Denied March 2, 1937.

Application for Leave to File Second Petition for Rehearing Denied July 13, 1937.

Walter Wilson, Embry Johnson, and Crowe & Tolbert, for plaintiff in error.

Clyde L. Andrews and Thos. G. Andrews, for defendants in error.

W. L. Johnson, for defendant in error A. A. Mascho.

OSBORN, V. C. J.   This action was instituted in the district court of Lincoln county on November 7, 1928, by Helen Crane, executrix of the estate of Schuyler J. Crane, deceased, hereinafter referred to as plaintiff, against D. R. Owens, A. A. Mascho, Sac & Fox Oil Company, and A. O. Kalka, hereinafter referred to as defendants, in which it is sought to establish a trust in and to certain oil and gas mining leases, the legal title being in the name of defendant Owens. The cause was tried to the court, and at the conclusion of plaintiff's evidence, defendant Owens demurred.   The demurrer was sustained, the action dismissed, and the cause was appealed.

Plaintiff is the executrix of the estate of Schuyler J. Crane, generally known as Clyde Crane, who died January 16, 1928. Clyde Crane, during his lifetime, A. A. Mascho, D. R. Owens, L. E. Mascho, Robert Crane, and Jack Shaffer were stockholders of and constituted the board of directors of the Sac & Fox Oil Company.   On January 19, 1925, said company was the owner of a ⅝ths interest in certain oil and gas leases in Tulsa county.   The value of said leases and other property of the corporation was approximately $47,000, and said company was indebted in the sum of approximately $57,000, including an alleged indebtedness to Clyde Crane of $10,855.16, with interest thereon.   On the date above mentioned, D. R. Owens, Clyde Crane, and A. A. Mascho entered into an oral agreement that they would make an offer to take over all of the property of the Sac & Fox Oil Company and pay all of the debts of said company.   The three parties above named were the principal creditors of the corporation, Owens being the largest creditor of said corporation.   It was agreed between the three parties above named that Owens should have a one-half interest in the property of the company and pay one-half of the indebtedness; that Mascho and Crane were each to have a one-fourth interest in the property and each was to pay one-fourth of the indebtedness.   Thereafter Mascho, with the consent of Owens and Crane, sold casing and equipment from a well and received therefor the sum of $9,-200.   On May 9, 1925, the Sac & Fox Oil Company made and delivered to Owens an assignment in writing of the oil and gas leases, it being the purpose of Owens, Crane, and Mascho to place the property in the name of Owens to facilitate a sale of the same.   Owens was unable to procure a purchaser of the property upon terms satisfactory to the interested parties, but continued to operate the oil and gas leases. Plaintiff alleges that Owens took the assignment in trust for the three parties to the oral contract, but has repudiated the trust and now claims that the property belongs to him individually; that he has drilled additional wells and taken and re-

tained the whole production therefrom and has refused to account for the same; that the reasonable market value of the leases is now $75,000.

It further appears that on November 24, 1926, the Sac & Fox Oil Company and certain stockholders, including Clyde Crane, brought an action in the district court of Tulsa county against Owens to recover the ⅝ths oil and gas interest involved herein. On November 8, 1927, judgment was rendered denying such recovery. Clyde Crane filed an amended petition in that action and prayed that the court declare a trust in said property for the use and benefit of Crane and Mascho. Owens demurred to said petition on the ground that the district court of Tulsa county had no jurisdiction over the person of Owens to render judgment in favor of Crane, and the demurrer was sustained by the trial court and the amended petition dismissed for want of jurisdiction.

Defendant contends that the evidence is insufficient to establish a trust, and that if said trust was established, it has been since repudiated by Crane, and that by reason of the position assumed by Crane in the district court of Tulsa county he is estopped from now claiming an interest in the property.

The above statement of facts substantially sets out the theory upon which plaintiff herein seeks to establish the trust. In order to set out defendant's claims and contentions regarding the title to the property herein involved we quote a portion of his answer as follows:

"Pursuant thereto Owens took charge of the property for the use and benefit of himself, Crane and Mascho, and operated the property. The operation of the property was at a loss and Crane, Owens and Mascho each tried to sell it but were unable to do so at a price that Crane, Owens and Mascho could agree upon.

"In the latter part of April they received an offer of $30,000 for the entire leasehold interest; they owned only a five-eighths (⅝) interest, the other three-eighths (⅜) interest belonging to Owens individually and other parties. They took the matter up with all of the owners of the leasehold interest and they all agreed to take $30,000 for the entire leasehold interest. They then went to the corporation and had the assignment made from the corporation to Owens for the purpose of perfecting a sale of the property and Owens went to Tulsa for the purpose of delivering the title to the property to the prospective purchaser;

when he reached there the purchaser informed him that the purchase price was to be paid in oil. Crane, Owens and Mascho were then and are now financially responsible and there was no necessity for them selling their property to be paid in oil and Owens refused to complete the sale without a payment of the purchase price in cash and the prospective purchaser was unable to make the payment and the trade fell. Owens returned to Chandler, informed Crane and Mascho of the condition, and stated to them that he would take the property at the agreed price of $30,000 for the entire leasehold interest, which proposal was accepted by Crane and Mascho, and pursuant thereto Owens completed the purchase of the interest in the leasehold rights held by other parties and from that time Owens held in trust for the use or benefit of Owens, Crane and Mascho five-eighths of the purchase price of $30,000 or the sum of $21,750, which sum was to be divided between Crane, Owens and Mascho in accordance with the amount of their claims against the corporation after the deduction of the loss occasioned by the operation of the property while held by them.

"In the meantime a similar arrangement was made for the sale of the casing by Mascho who sold the same for what he says was $9,200, but he never was willing to tell Crane or Owens who he sold it to or where the purchaser lived or had his place of business. If the purchase price was $9,200 then the fund to be divided among the three was $30,950."

We have referred to these pleadings for the purpose of showing that defendant does not claim title to the property by virtue of the assignment from the company. It is admitted that the assignment was given to him for the purpose of effecting a sale of the property. Defendant claims that his title to the property arises by virtue of a purported contract of purchase between himself, Crane, and Mascho. Both Crane and Mascho denied that any such agreement was ever entered into. There is no dispute in the evidence on this point, for the reason that Owens was never called as a witness either in this case or in the case before the district court of Tulsa county. Demurrers to the evidence were sustained in both cases, so that it has not yet become necessary for Owens to take the stand and testify regarding these issues of fact.

In the case of Trimble v. Boles, 169 Okla. 228, 36 P. (2d) 861, it is said:

"'Resulting trusts are those which arise where the legal estate and property is disposed of, conveyed or transferred, but the intent appears or is inferred from the terms

of the disposition or from the accompanying facts and circumstances that the beneficial interest is not to go to or to be enjoyed with the legal title.' (Citing cases.)

"In the case of In re Rosenberg, 4 F. (2d) 581, the rule is stated:

" 'Where for any reason the legal title to property is placed in one person under such circumstances as to make it inequitable for him to enjoy the beneficial interest, equity will imply a trust in favor of the person entitled to the beneficial interest.' Tolon v. Johnson, 104 Okla. 201, 230 P. 865."

In accordance with the undisputed evidence and the admissions in the pleadings we cannot escape the conclusion that the assignment from the company to defendant created a resulting trust in so far as the interests of Crane and Mascho were concerned, and defendant's title to the property depends upon the establishment of the allegations in his answer relating to the subsequent agreement to purchase.

Defendant Owens contends that Clyde Crane repudiated the trust agreement, and in support of said contention shows that in another action pending in the district court of Tulsa county Crane alleged that he was the owner of one-half of the ⅝ths interest in the leasehold involved herein; that he delivered to the pipe line company that was running the oil from the lease a notice in which he claimed a one-half interest in and to said leasehold estate. Defendant also refers to certain testimony of Crane in which he claimed a one-half interest in the leasehold. An examination of said evidence discloses that Crane at that time was of the opinion that Mascho had been paid for his interests by funds received from the sale of casing and that Crane and Owens were entitled to the property herein involved. No authorities are cited in support of defendant's argument that such conduct on the part of Crane constituted a repudiation of the trust agreement. We cannot concur in defendant's process of reasoning. There is no theory upon which it could be held that a previous claim of a greater interest than that now asserted by plaintiff constitutes a repudiation of the trust agreement upon which plaintiff now relies.

Defendant further contends that Clyde Crane elected his remedy by joining in the action in the district court of Tulsa county wherein it was sought to establish a trust in the property herein involved in behalf of the Sac & Fox Oil Company and that he thereby abandoned, waived, and rescinded all interest in the contract between himself, Owens, and Mascho on the one part and the Sac & Fox Oil Company on the other part.

In the case of Electrical Research Products v. Haniotis Bros., 170 Okla. 144, 39 P. (2d) 36, we held:

" 'The essential elements of the doctrine of election of remedies are (a) the existence of the two remedies; (b) the inconsistency between the remedies; (c) the choice of one of the remedies. If any one of these elements is absent, the result of preclusion does not follow, and the pursuance of a supposed but nonexistent remedy does not constitute an election.' Henderson Tire & Rubber Co. v. Gregory, 16 F. (2d) 589."

We quote from the body of the opinion in the case of Ahrens v. Commercial Nat. Bank, 100 Okla. 250, 229 P. 237, as follows:

"In Standard Oil Co. of Ky. v. Hawkins, 74 Fed. 395, the Circuit Court of Appeals said:

" 'When a party who has a choice of two remedies pursues one of them under the mistaken impression that the law affords him no other, and in ignorance of the existence of the other and more advantageous remedy, equity, in the absence of injury to others, or of facts creating an estoppel, may relieve him from the apparent election made under such mistake, and permit him to pursue the more advantageous remedy.'

"In Re Van Norman et al. (Bennett v. Lapp et al.), 41 Minn. 494, 93 N. W. 334, it was held:

" 'A mere attempt to claim a right or pursue a remedy to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of a right or remedy which he originally had a right to claim or resort to. The doctrine of election between inconsistent rights or remedies has no application to such a case.

" '* * * The rule is as undoubted as it is familiar that, where a party has inconsistent rights or remedies, he may claim or resort to one or the other, at his election, and that when once made, his election is irrevocable. But we think it is equally true that a mere attempt to pursue a remedy or claim a right to which a party is not entitled, and without obtaining any legal satisfaction therefrom, will not deprive him of the benefit of that which he had originally a right to resort to or claim; and this proposition, if sound, fully covers this case.'

"In McIntosh, Adm'r, v. Lynch et al., 78 Okla. 85, 188 P. 1079, it was held that:

" 'The fatuous choice of a fancied remedy that never existed and the futile pursuit of it until the court adjudges that it never had

existed, is no defense to an action to enforce a natural remedy inconsistent with that first invoked.'"

See, also, Tulsa Rig, Reel & Mfg. Co. v. Arnold, 94 Okla. 120, 221 P. 19; Howard v. Brown, 172 Okla. 308, 44 P. (2d) 959.

The above authorities apply with peculiar force to the issue of election of remedies as presented herein. The action in the district court of Tulsa county as hereinabove referred to was to declare a resulting trust in favor of the Sac & Fox Oil Company. The evidence is unmistakable that said company had theretofore relinquished all right, title, or interest in the property by acceptance of the proposition of Owens, Crane, and Mascho to take over the property and assume all outstanding obligations. The trial court in that case found that the company, as such, had no interest in the actual controversy; that the controversy was between Owens, Crane, and Mascho, and upon that theory denied the relief therein sought. In so far as Crane was concerned, the remedy sought in the district court of Tulsa county was fancied and not real. His effort to have the court adjudicate the issues between himself and defendant Owens failed on account of lack of jurisdiction. The controversial issues of fact in this case have never been determined. Consequently no legal adjudication has been obtained by either Crane, Mascho, or the representatives of either of them. It is not necessary to determine whether or not the action of Crane in joining the Sac & Fox Oil Company in the district court of Tulsa county is consistent or inconsistent with the position assumed in this case. Since the remedy sought in that case was not available to him, plaintiff was not precluded from seeking the relief herein sought in a forum which had jurisdiction over the persons of the interested parties.

Various comment is contained in the briefs regarding the equities involved. We do not deem it proper at this time to attempt to weigh the equities. Plaintiff relies upon the terms of a contract to the effect that Owens, Crane, and Mascho were to pay the debts and take the title to the property. The company was indebted to all three of the interested parties and each of them was entitled to offset said indebtedness in lieu of the various interests each was to take in the property. The record shows that Crane paid some small items of indebtedness subsequent to the date of the agreement. Owens likewise paid some indebtedness existing against the company.

Mascho was the recipient of certain funds derived from the sale of certain property which had belonged to the company. No settlement or accounting has ever been had between any of the interested parties for the apparent reason that they have never been able to agree as to their respective rights. As we view it at this stage of the proceedings, defendant Owens has not established his title to the property, and in the event he is unable to do so to the satisfaction of the trial court, we anticipate that no difficulty will arise in the adjustment of the equities and in accounting.

A number of other propositions of law are presented by the pleadings, but are not presented in the briefs and will be considered as waived.

The judgment of the trial court is affirmed as to Sac & Fox Oil Company and A. O. Kalka, and reversed as to D. R. Owens and H. H. Mascho, with directions to take further proceedings consistent with the views herein expressed.

RILEY, BAYLESS, BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent. McNEILL, C. J., not participating by reason of acting as trial judge in one phase of this case.