WHITNEY v. WHITNEY.

No. 31273. May 2, 1944.

Rehearing Denied Sept. 12, 1944.

Application for Leave to File Second Petition for Rehearing Denied Sept. 26, 1944.

*151 P. 2d 583.*

O. A. Cargill, O. A. Cargill, Jr., and McPherren & Maurer, all of Oklahoma City, for plaintiff in error.

Geo. C. Crump and H. W. Carver, both of Wewoka, for defendant in error.

HURST, J. This is an action by Mary Moye Whitney to recover damages from the defendant, E. W. Whitney, for fraudulently inducing her to enter into a common-law marriage relationship at a time when the defendant had a living undivorced wife. After the issues were made up, the trial court sustained the defendant's motion for judgment on the pleadings and entered judgment accordingly, and from that judgment this appeal was prosecuted.

In her petition, the plaintiff alleged that she and the defendant entered into the marriage contract in 1928 and resided together as husband and wife until July, 1941, and that as a result of said union five children were born. Plaintiff prays for actual damages in the sum of $1,000,000 and punitive damages in the sum of $500,000.

The defendant filed an answer and an amendment to the answer, attaching thereto as exhibits copies of the pleadings, motions, orders, and decree in a prior divorce suit filed by the plaintiff against the defendant, which proceedings are referred to by this court in a former appeal (Whitney v. Whitney, 192 Okla. 174, 134 P. 2d 357), and will not be referred to in detail here. Defendant alleged in his answer that the proceedings in the prior suit constituted an election of remedies inconsistent with the relief now sought, and that by reason of that fact plaintiff is now estopped from maintaining the present action.

The plaintiff filed a reply denying generally the allegations contained in the answer, denying that the contract entered into during the pendency of the prior suit constituted a property settlement, and alleging that said contract

had been subsequently rescinded and canceled by mutual agreement of the parties, and that the contract has not been carried out.

The question for decision is whether under the pleadings the trial court could say as a matter of law that the plaintiff is precluded from maintaining this action under the doctrine of election of remedies or because of said contract, so that the court could properly sustain the motion for judgment on the pleadings.

The law is well settled that, in passing upon a motion for judgment on the pleadings, the pleadings assailed will be liberally construed in favor of the pleader, and the movant must be deemed to admit not only the truth of the facts pleaded by the opposite party, together with all inferences that may be reasonably drawn therefrom, but also the untruth of his own allegations which have been denied. Taylor v. Campbell, 139 Okla. 110, 281. P. 243; Boland v. Boland, 171 Okla. 437, 43 P. 2d 79; Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887; Baker v. Broughton, 193 Okla. 656, 146 P. 2d. 832.

It is also well settled that there are three essential elements of the doctrine of election of remedies, (a) the existence of two or more remedies, (b) inconsistency between the remedies, and (c) choice, with knowledge of the facts, of one of the remedies; and if any one of these elements is absent, the result of preclusion does not follow. Tulsa Rig Reel & Mfg. Co. v. Arnold, 94 Okla. 120, 221 P. 19; Crane v. Owens, 180 Okla. 452, 69 P. 2d 654; Gaines Bros. Co. v. Fourth Nat. Bank, 192 Okla. 59, 133 P. 2d 742, 144 A. L. R. 1434.

The plaintiff argues that no election of remedies is shown by the pleadings for three reasons, (a) that the remedies involved in the two cases are not inconsistent, (b) that she chose a remedy in the first suit that was not available to her and that was denied her by our former opinion, and (c) that at the time she filed the first she did not know

that the marriage was bigamous and void.

The defendant argues that the remedy pursued in the first suit for a division of property is inconsistent with the remedy pursued in the instant case, and that plaintiff was given relief by the former decision of this court in that the said contract of settlement was approved.

In the first suit the plaintiff asked for relief in three respects, (a) that she have a divorce, (b) that she have the custody and care of the children, and (c) that she have an equitable division of the property.

It is clear that there is no inconsistency between a suit for divorce and a suit for damages for fraudulently inducing a party to enter into a void marriage relationship. Mashunkashey v. Mashunkashey, 189 Okla. 60, 113 P. 2d 190. And the defendant does not deny that this is the law.

The defendant does not contend that there is any inconsistency in a suit for custody of minor children and the present suit for damages, and obviously there is none.

In the former opinion (192 Okla. 174, 134 P. 2d 357) this court held that since the marriage was void, the statutory right to a division of property authorized by 12 O. S. 1941 § 1278 was not available to plaintiff, and that under the issues made in the first suit the court could not adjust the property rights, but that their property rights could only be adjusted in a proper suit in equity. We, therefore, held that in seeking a property division in that case the plaintiff chose a remedy that was not available to her.

The contract made between the parties during the pendency of the first suit was not construed or approved in our former opinion. We simply held that under the record the trial court was without authority to treat the contract as not binding. The plaintiff asked for no relief, and was given none, under the contract. Furthermore, in the reply, which, for the purpose of the motion for

judgment on the pleadings, must be taken as true and confessed, it is alleged that the contract was by mutual agreement of the parties abandoned and canceled. Under these circumstances, the contract does not preclude plaintiff from maintaining this action.

Since, in the first suit, the plaintiff elected the remedy of property settlement that was not available and that was denied her, and since the other remedies asked for in the first suit are not inconsistent with the remedy pursued in the present case, we think it is clear that the trial court was in error in holding that the plaintiff is estopped from maintaining this suit under the doctrine of election of remedies. And since it is alleged in the reply that the contract has been abandoned, canceled and not carried out by mutual consent, the trial court was without authority to sustain the motion on the theory that the plaintiff was precluded from maintaining this action by the terms of the contract, assuming that it was intended to have that effect, which plaintiff denies. The trial court committed error in sustaining the motion for judgment on the pleadings.

The question as to whether a suit to settle the property rights between parties who have entered into a void marriage which we have recognized as being maintainable (Krauter v. Krauter, 79 Okla. 30, 190 P. 1088), and an action for damages for fraudulently inducing one to enter into a void marriage, which we have also recognized as being proper (Mashunkashey v. Mashunkashey, above; see, also, annotation in 62 A. L. R. 531), are inconsistent is not before us, and we intimate no opinion thereon.

Reversed, with directions to overrule the motion for judgment on the pleadings, and to proceed consistently with the views herein expressed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, WELCH, and ARNOLD, JJ., concur.