H. T. DUDLEY, Plaintiff in Error,

v.

William KING, Defendant in Error.
No. 36551.

Supreme Court of Oklahoma.

April 26, 1955.

Rehearing Denied June 7, 1955.

Application for Leave to File Second Petition for Rehearing Denied July 5, 1955.

C. W. Wortman, Tulsa, for plaintiff in error.

Houston, Klein, Melone & Davidson, John S. Treadway, Tulsa, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by H. T. Dudley, hereinafter referred to as plaintiff, against William King, hereinafter referred to as defendant, to recover on a quantum meruit basis for certain labor and services performed and materials furnished by plaintiff in the construction of four houses.

Defendant's answer contained a general denial and a special plea of res adjudicata by virtue of the litigating of cause No. 85,-004 in the District Court of Tulsa County, Oklahoma, between the same parties. Copies of the pleadings and judgment in said cause No. 85,004 were attached to said answer. Plaintiff thereupon replied, pleading his right to file this action by virtue of an express reservation contained in the judgment rendered in said cause No. 85,004.

Defendant then moved for a judgment on the pleadings, alleging that plaintiff had theretofore elected his remedy by prosecuting said cause No. 85,004 and was therefore estopped and barred from seeking to recover on a quantum meruit basis in this action.

The trial court sustained such motion for judgment on the pleadings on the ground that plaintiff had made an election of remedies by prosecuting cause No.

85,004 and was now barred from asserting the cause of action sought to be prosecuted here, and dismissed plaintiff's petition. Plaintiff appeals alleging error on the part of the trial court in sustaining such motion for judgment on the pleadings and dismissing plaintiff's petition.

The pleadings in this case reveal that in cause No. 85,004 above mentioned, plaintiff had sued defendant alleging an express contract whereby plaintiff was to receive one-third of the profits of the sale of the houses in the construction of which plaintiff had furnished labor and materials at defendant's request. The court, to which the case was tried, found that the evidence did not establish the making of the express contract alleged by plaintiff and rendered judgment for defendant accordingly. Such judgment, however, reserved all questions other than the making of the express agreement alleged and specifically reserved and excepted the question of the liability of the defendant to the plaintiff for the cost of labor and material furnished by plaintiff in the construction of such houses.

Defendant contends that plaintiff elected his remedy by suing on the express agreement and that such remedy is inconsistent with the present action based on quantum meruit and cites and relies principally upon Curtis v. Hanna, 146 Kan. 919, 73 P.2d 1063 for his conclusion that the present quantum meruit action is therefore barred. Apparently the trial court adopted such view in sustaining defendant's motion for judgment on the pleadings.

Election of remedies is defined as being a choice, shown by some overt act, between two or more inconsistent rights, either of which may be asserted at the will of the chooser alone. It is the choosing between two or more different and coexisting modes of procedure and relief allowed by law on the same state of facts. The purpose of the doctrine of election of remedies is not to prevent recourse to any remedy, but to prevent double redress for a single wrong. Larkin v. Tallant, 201 Okl. 436, 206 P.2d 982; Fourth Nat. Bank of Tulsa v. Eidson, 205 Okl. 145, 236 P.2d 491.

It is well settled that there are three essential elements of the doctrine of election of remedies, (a) the existence of two or more remedies, (b) inconsistency between the remedies, and (c) choice, with knowledge of the facts, of one of the remedies; and if any one of these elements is absent, the result of preclusion does not follow. Whitney v. Whitney, 194 Okl. 361, 151 P.2d 583. It is also well settled that the two, or more, inconsistent remedies must actually exist, and the choice of a supposed remedy that never existed and the pursuit thereof until the court adjudicates that it never existed, does not preclude the pursuit of a proper existing remedy. Ahrens v. Com. Nat'l Bank, 100 Okl. 250, 229 P. 237; Howard v. Brown, 172 Okl. 308, 44 P.2d 959; Crane v. Owens, 180 Okl. 452, 69 P.2d 654.

As applied to the case at bar, the question seems to be whether a suit to recover under an express contract for services and materials furnished, which is defeated upon the sole ground that no such express contract existed, will bar a subsequent suit for recovery upon a quantum meruit basis for such services and material. We have heretofore answered such question in the negative, however, in the case of Bruner v. Bearden, 80 Okl. 154, 195 P. 117, wherein we quoted with approval the following language of the Supreme Court of Kansas in Clifton v. Meuser, 88 Kan. 408, 129 P. 159, 160, 43 L.R.A.,N.S., 124:

"It follows that a plaintiff who sues upon an express contract, without adding a count upon a quantum meruit, waives nothing, and, if defeated, is not thereby barred from maintaining a subsequent action upon an agreement arising by implication of law."

Defendant concedes the correctness of the foregoing, but contends that the instant case is different because the express contract alleged and sued upon in the prior action was one for a division of profits and in effect a contract of partnership, and that while ordinarily there is no inconsistency between an action on contract and one on quantum meruit, when the express contract alleged is one of part-

nership then the two remedies are inconsistent. In this regard defendant cites Curtis v. Hanna, supra, in which the Kansas Court apparently held that partnership and quantum meruit are inconsistent remedies and that since the plaintiff therein had pursued unsuccessfully the partnership theory he was thereafter barred from pursuing the remedy of quantum meruit.

We decline to follow such case, however, since it appears to be contrary to that court's earlier decisions which we have already adopted and followed, and contrary to the opinions of the majority of the appellate courts of other jurisdictions. In particular, it appears to disregard the well established doctrine in this jurisdiction that the two inconsistent remedies must both actually exist.

In Marsh v. Masterson, 101 N.Y. 401, 5 N.E. 59, the court held that a judgment dismissing an action for an accounting between copartners, on a finding that no partnership existed, is not a bar to an action for services. And in Kirkpatrick v. McElroy, 41 N.J.Eq. 539, 7 A. 647, the first paragraph of the syllabus by the court is as follows:

"An adverse decree in a suit for a share of the profits of partnership business, as compensation for services rendered to a firm, is not a bar to an action upon a quantum meruit for the value of such services."

To the same effect, see also Meirick v. Wittemann Lewis Aircraft Co., Inc., 98 N.J.L. 531, 121 A. 670; Bottomly v. Parmenter, 85 N.H. 322, 159 A. 302; Buddress v. Schafer, 12 Wash. 310, 41 P. 43; Mallory v. City of Olympia, 83 Wash. 499, 145 P. 627; Egbers v. Fischer, 73 Wash. 308, 131 P. 1128; and Clifton v. Meuser, supra, wherein the Kansas court quoted with approval from several of the foregoing cases.

Applying the law to the facts in this case, it is apparent that the plea of election of remedies must fail. Plaintiff, in the prior action between the parties, sued for the breach of what he believed to be a contract, when as a matter of fact no such contract was in existence. Since no such contract existed no remedy for the enforcement of such contract existed and the mistaken pursuit of such supposed remedy did not constitute an election of remedies so as to bar the present quantum meruit action. Ahrens v. Commercial Nat'l. Bank, supra; Tulsa Rig, Reel & Mfg. Co. v. Arnold, 94 Okl. 120, 221 P. 19; Howard v. Brown, supra; Midland Savings & Loan Co. v. Tradesmen's Nat. Bank, 10 Cir., 57 F.2d 686.

The judgment of the trial court is reversed and the cause remanded with instructions to proceed in accordance with the views herein expressed.

JOHNSON, C. J., and WELCH, CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.